STATE OF NORTH CAROLINA v. TONY HAMMONDS

No. 9120SC348

(Filed 3 March 1992)

1. **Constitutional Law § 287 (NCI4th) — motion to dismiss court appointed counsel — denied — no error**

    The trial court did not err in a rape, burglary, and kidnapping prosecution by denying defendant's motion to dismiss his court-appointed counsel where the only reason cited by defendant in support of his motion was that the attorney, in his opinion, had not spent enough time on the case. There was nothing in the record to substantiate defendant's assertion or to demonstrate that his representation was inadequate; furthermore, the effectiveness of representation cannot be gauged by the amount of time counsel spends with the accused.

    **Am Jur 2d, Criminal Law §§ 981, 984-986.**

2. **Evidence and Witnesses § 1242 (NCI4th) — statements at police station — volunteered**

    The trial court did not err in a prosecution for rape, burglary, and kidnapping by admitting statements made by defendant while in police custody and before he had been advised of his constitutional rights against self-incrimination. The testimony on voir dire supports the trial judge's findings that the statements were made voluntarily and not as a result of any question by law enforcement officers.

    **Am Jur 2d, Evidence §§ 529, 582, 583.**

3. **Evidence and Witnesses § 356 (NCI4th)— defendant's statement—reference to other offenses—admissible**

The trial court did not err in a prosecution for rape, burglary and kidnapping by admitting at trial statements from defendant which contained references to two other crimes of rape for which defendant had not been tried or convicted. The statements were clearly relevant and were not offered to prove defendant's character, but to explain the motive or reason for his commission of the offense charged.

**Am Jur 2d, Evidence § 325.**

APPEAL by defendant from *Helms (William H.), Judge.* Judgment entered 16 January 1991 in Superior Court, UNION County. Heard in the Court of Appeals 15 January 1992.

Defendant was charged in proper bills of indictment with first degree rape in violation of G.S. 14-27.2(a)(2), first degree burglary in violation of G.S. 14-51, first degree kidnapping in violation of G.S. 14-39 and assault with a deadly weapon with intent to kill inflicting serious injury in violation of G.S. 14-32(a).

The evidence presented at trial tends to show the following: On the night of 24 May 1990, the prosecuting witness attended a party given by Laverne Hammonds at a nearby apartment. While there, she spoke to defendant who was Laverne's brother-in-law. At around 2:00 a.m., the prosecuting witness left the party and returned to her apartment. She fell asleep on the living room couch, but was awakened by a noise sometime later. When she awoke, she saw defendant standing at the bottom of the stairs inside her apartment, carrying a stick and a knife. Defendant told her not to scream or he would kill her and her daughter who was sleeping upstairs. Defendant then hit the prosecuting witness in the face with the stick, placed the knife to her throat and raped her.

Following the attack, defendant gagged the witness, tied her hands behind her back and put her in the closet, placing a chair against the closet door to prevent her escape. However, she managed to untie herself and get out of the closet. She then ran next door to a neighbor's apartment and banged on the door crying for help. Defendant, who was standing nearby, grabbed her and dragged her into the woods. He again threatened to kill her, hitting her about the head and tried to stab her with the knife. At this point, Laverne Hammonds, defendant's sister-in-law, came from

around the corner of the apartment building calling for the witness, and defendant fled.

The jury found defendant guilty as charged. From judgments imposing prison sentences of life for first degree rape, fifteen years for first degree burglary, fifteen years for first degree kidnapping, and ten years for assault with a deadly weapon with intent to kill, all sentences to be served concurrently, defendant appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Laura E. Crumpler, and Barbara A. Shaw, for the State.*

*Joseph L. Hutcherson, II, for defendant, appellant.*

HEDRICK, Chief Judge.

[1] Defendant first contends "the trial court committed error by denying his motion to dismiss his court appointed attorney and obtain other counsel." We disagree.

Although "in a serious criminal prosecution the accused [has] the right to have the assistance of counsel for his defense," *State v. Hutchins,* 303 N.C. 321, 335, 279 S.E.2d 788, 797 (1981), the right to be defended by chosen counsel is not absolute. *State v. McFadden,* 292 N.C. 609, 234 S.E.2d 742 (1977). The Supreme Court has stated,

> In the absence of any substantial reason for the appointment of replacement counsel, an indigent defendant must accept counsel appointed by the court, unless he wishes to present his own defense. A disagreement over trial tactics does not, by itself, entitle a defendant to the appointment of new counsel. Nor does a defendant have the right to insist that new counsel be appointed merely because he has become dissatisfied with the attorney's services. Similarly, *the effectiveness of representation cannot be gauged by the amount of time counsel spends with the accused;* . . . (citations omitted; emphasis added).

*Hutchins,* at 335, 279 S.E.2d at 797. "The trial court's sole obligation when faced with a request that counsel be withdrawn is to make sufficient inquiry into defendant's reasons to the extent necessary to determine whether defendant will receive effective assistance of counsel." *State v. Poole,* 305 N.C. 308, 311, 289 S.E.2d 335, 338 (1982).

In the present case, defendant moved to dismiss his court-appointed counsel after his case had been called for trial, but before the jury had been impaneled. The transcript discloses the following then took place:

THE COURT: You want to be heard?

DEFENDANT: Yes sir. I feel like I need another lawyer because Mr. Hutcherson hasn't spent enough time with me on this case and really wasn't concerned about hearing my case. And, I've been talking to another lawyer for quite some time. He told me to hold out and see what Mr. Hutcherson offered me.

THE COURT: Told you what?

DEFENDANT: Told me to hold out and see what Mr. Hutcherson offered me.

THE COURT: Anything else?

DEFENDANT: No.

THE COURT: Motion denied. Bring the jury back.

From the foregoing, it is clear the trial court fulfilled its obligation to inquire into defendant's reasons for wanting to discharge his attorney. The only reason cited by defendant in support of his motion was that, in his opinion, Mr. Hutcherson had not spent enough time with him on his case. We find nothing in the record to substantiate defendant's assertion, nor to demonstrate that defendant's representation was inadequate. Furthermore, "the effectiveness of representation cannot be gauged by the amount of time counsel spends with the accused . . . ." *Hutchins* at 335, 279 S.E.2d at 797. Therefore, we hold the trial court correctly determined that there was no "substantial reason" requiring the discharge of defendant's court-appointed counsel and properly denied his motion. This contention is overruled.

In his second and third assignments of error argued on appeal, defendant challenges the trial court's ruling allowing defendant's oral statements made to law enforcement officers to be admitted into evidence.

[2] Defendant first argues the trial court erred in admitting the statements because they were made while defendant was in custody and defendant had not been advised of his constitutional rights against self-incrimination. Defendant admits, however, that "vol-

unteered or spontaneous statement[s] made by a [d]efendant to a police officer without any interrogation on the part of the officer are not barred by any theory of our law." *State v. Parker,* 59 N.C. App. 600, 297 S.E.2d 766 (1982).

The record indicates that, upon objection by defense counsel, the trial judge conducted a *voir dire* hearing to determine the admissibility of the statements. The court heard evidence from Detective Roger Coan who was present at the Monroe Public Safety Department when defendant was brought in. Detective Coan testified that, at that time, defendant was not under arrest, was not handcuffed and was free to leave. He also stated that neither he nor Officer Haulk, who was also present, attempted to question defendant. Detective Coan said that Officer Haulk asked defendant how he was doing and in response, defendant stated, "I messed up. This was a good girl. She doesn't deserve what I did to her. Whatever I get I deserve. I been accused of a couple, so I just thought I would do one."

From the evidence presented on *voir dire*, Judge Helms found that defendant was in custody at the time he made the oral statements, but that they were "made voluntarily and not as a result of any question or interrogation by [the] law enforcement officers." Defendant does not challenge the findings of the trial court, and we are bound by his findings if supported by competent evidence. *State v. Washington,* 102 N.C. App. 535, 402 S.E.2d 851 (1991).

We hold the testimony of Detective Coan supports the findings made by the trial judge with respect to defendant's statements, and these statements were properly admitted.

[3] In his third assignment of error, defendant argues the trial judge erred in admitting his oral statements because they contained references to two other crimes of rape for which defendant had not been tried or convicted. Defendant contends the statements, "I've been accused of a couple" and "I just thought I'd do one" were so prejudicial as to inflame the jury against him. However, the record reveals that defendant did not object to the admission of these statements on this ground at trial; and defendant has, therefore, not properly preserved this issue for appellate review. N.C.R. App. 10(b).

In the interests of justice, however, we have considered the issue defendant has attempted to raise and find no error in the trial court's admission of defendant's statements concerning other rapes which he may have committed. As part of defendant's confession, these statements were clearly relevant and were not offered to prove defendant's character, but to explain the motive or reason for his commission of the offense charged. *See* N.C.R. Evid. 404(b). This assignment of error is without merit.

Finally, defendant contends "the numerous questions asked by the trial judge were prejudicial to him." However, defendant has failed to discuss in his brief how he was prejudiced by the judge's questions or to even refer us to specific questions he finds erroneous, and does not cite any authority supporting his contention. Ordinarily, when an appellant's brief does not adequately state a reason or argument upon which the assignment of error is based or cite appropriate authority for that argument, the assignment of error is deemed abandoned. N.C.R. App. 28(b)(5). Nevertheless, we have reviewed the record and find no prejudicial error in the questions posed by the trial judge to the witnesses.

Defendant received a fair trial, free from prejudicial error.

No error.

Judges WELLS and JOHNSON concur.