STATE OF NORTH CAROLINA v. MICHAEL LEON WASHINGTON, DEFENDANT

No. 9026SC862

(Filed 16 April 1991)

1. **Criminal Law § 75.7 (NCI3d)— defendant in police car— movement restricted—defendant not in custody—Miranda warnings not required**

   Defendant was not entitled to *Miranda* warnings since he was not "in custody" at the time he made statements to police officers, even though he was in the back seat of a police car while the officer was checking a possible traffic violation with the Department of Motor Vehicles and defendant's movement was thus involuntarily restricted.

   **Am Jur 2d, Criminal Law § 794.**

2. **Narcotics § 4 (NCI3d)— felonious possession of cocaine with intent to sell—sufficiency of evidence**

   In a prosecution of defendant for felonious possession of cocaine with intent to sell in violation of N.C.G.S. § 90-95, the evidence was sufficient to be submitted to the jury where it tended to show that an officer stopped defendant's car for a suspected traffic violation; when the officer obtained defendant's consent and searched the car, he found a portion of a

brown paper bag in the ashtray containing a plastic bag with ten smaller plastic bags of a white powdery substance which later proved to be cocaine; and defendant claimed that the powder was not his and was only baking soda which he and a friend bagged to make it look like cocaine and to sell it.

**Am Jur 2d, Drugs, Narcotics, and Poisons §§ 21, 27, 44, 46, 47.**

Judge GREENE dissenting.

APPEAL by defendant from judgment entered 2 May 1990 by *Judge Robert E. Gaines* in MECKLENBURG County Superior Court. Heard in the Court of Appeals 21 March 1991.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Teresa L. White, for the State.*

*Public Defender Isabel Scott Day, by Assistant Public Defender Allen W. Boyer, for defendant appellant.*

PHILLIPS, Judge.

Defendant was convicted of felonious possession of cocaine with intent to sell in violation of G.S. 90-95 and sentenced to a prison term of three years. On appeal he argues that the trial court erred in admitting statements he made prior to being advised of his *Miranda* rights and by not granting his motion to dismiss based on the insufficiency of the evidence. Neither argument has merit and we overrule them.

The State's evidence tended to show that: Charlotte Police Officer Casey Carver observed defendant driving a vehicle with a broken headlight and other damage indicating it had recently been involved in an accident, suspected a possible hit and run accident, and stopped the vehicle. Defendant got out of the car and met the officer in front of the patrol car. Defendant did not have a driver's license and the officer placed him in the back seat of the patrol car while checking defendant's identity with the Department of Motor Vehicles. Upon returning to defendant's car Officer Carver looked in the window and saw a "thirty-eight round" (handgun bullet) on the floorboard. The officer then asked defendant, still sitting in the patrol car, where the gun was located; and defendant answered, "Man, there ain't no gun in the car. It's not my car. You can search it, you're not going to find anything." After

STATE v. WASHINGTON ·

[102 N.C. App. 535 (1991)]

Officer R. L. Ferguson arrived at the scene, the two officers searched the vehicle and found a portion of a brown paper bag in the ashtray containing a plastic bag with ten smaller plastic bags of a white powdery substance which was later proved to be cocaine. Officer Carver showed the bag to defendant and said, "Look what I found"; defendant responded that "it was not his [the defendant's] and that it was only baking soda because he and a friend had been flaking." The officer asked defendant what flaking meant and defendant replied that "he [the defendant] had bagged up baking soda to look like cocaine so that he could sell it as cocaine and make a good profit." At that point Officer Carver placed defendant under arrest for possession of cocaine. Officer Ferguson had seen defendant driving the car on several different occasions.

[1] From this evidence the trial court found that although defendant's movement was involuntarily restricted, as he was in the back seat of the police car while the officer was checking a possible traffic violation with the Department of Motor Vehicles, under the decision in *Miranda v. State of Arizona*, 384 U.S. 436, 16 L.Ed.2d 694, *reh'g denied*, *California v. Stewart*, 385 U.S. 890, 17 L.Ed.2d 121 (1966), and its progeny, defendant was not "in custody" at the time he made the statements to the police officer and the warning established by those decisions was not required. The court's interpretation of the above decisions is correct, and since the findings made are supported by competent evidence they are conclusive. *Lemmerman v. A. T. Williams Oil Co.*, 318 N.C. 577, 350 S.E.2d 83, *reh'g denied*, 318 N.C. 704, 351 S.E.2d 736 (1986).

[2] As to the sufficiency of the evidence argument, when viewed in the light most favorable to the State, the evidence above stated is clearly sufficient to prove all the elements of the crime that defendant was convicted of. *State v. Brown*, 310 N.C. 563, 313 S.E.2d 585 (1984). *Inter alia*, it tends to show that defendant owned, controlled and possessed the cocaine, and that he and his friend intended to sell it.

No error.

Judge PARKER concurs.

Judge GREENE dissents with separate opinion.

STATE v. WASHINGTON

[102 N.C. App. 535 (1991)]

Judge GREENE dissenting.

I disagree with the majority's conclusion upholding the trial court's "finding of fact" that the "defendant was not 'in custody' at the time he made the statements to the police officer . . . ." "The determination [of] whether an individual is 'in custody' during an interrogation so as to invoke the requirements of *Miranda* requires an application of fixed rules of law and results in a conclusion of law and not a finding of fact." *State v. Davis*, 305 N.C. 400, 414-15, 290 S.E.2d 574, 583 (1982). I would conclude as a matter of law that the defendant's incriminating statements were the product of custodial interrogation and therefore, under the facts in this case, should not have been admitted into evidence.

"The rule of *Miranda* requiring that suspects be informed of their constitutional rights before being questioned by the police only applies to *custodial interrogation.*" *State v. Braswell*, 312 N.C. 553, 556, 324 S.E.2d 241, 244 (1985) (emphasis added). The determination of whether a suspect was "in custody" is based "upon an objective test" which asks "whether a reasonable person in the suspect's position would believe that he had been taken into custody or otherwise deprived of his freedom of action in any significant way or, to the contrary, would believe that he was free to go at will." *Davis*, 305 N.C. at 410, 290 S.E.2d at 581. The facts of this case differ significantly from routine traffic stop cases where custody is typically not found to have existed. *See State v. Seagle*, 96 N.C. App. 318, 321-23, 385 S.E.2d 532, 533-35 (1989) (short detention during traffic stop). In such stops, "[t]he detained motorist's 'freedom of action . . . [is not] curtailed to "a degree associated with formal arrest." ' " *Pennsylvania v. Bruder*, 488 U.S. 9, 10, 102 L.Ed.2d 172, 176 (1988) (citations omitted) (motorist stopped for erratic driving). Here, the defendant was stopped and placed in the back seat of the officer's police car and his movement was thereby involuntarily restricted. The door handles on the insides of the back seat doors did not work, and consequently, the defendant was not free to leave at will. He was, in effect, incarcerated on the side of the road. A reasonable person in the defendant's position would have believed that he had been taken into custody or otherwise deprived of his freedom in a significant way. Accordingly, I would conclude that the defendant was "in custody" when he made the statements to the police officer.

Not only was he "in custody," but he was interrogated. "Interrogation" may take the form of either "express questioning" or its "functional equivalent." *Pennsylvania v. Muniz*, 496 U.S. ---, ---, 110 L.Ed.2d 528, 551 (1990). The "functional equivalent" form of "interrogation" "focuses primarily upon the perceptions of the suspect, rather than the intent of the police. This focus reflects the fact that the Miranda safeguards were designed to vest a suspect in custody with an added measure of protection against coercive police practices, without regard to objective proof of the underlying intent of the police." *Rhode Island v. Innis*, 446 U.S. 291, 301, 64 L.Ed.2d 297, 308 (1980). However, the intent of the police is relevant, "for it may well have a bearing on whether the police should have known that their words or actions were reasonably likely to evoke an incriminating response." *Id.* n.7.

> '[T]he best reading of the *Innis* test is that it turns upon the *objective* purpose *manifested* by the police. Thus, an officer "should know" that his speech or conduct will be "reasonably likely to elicit an incriminating response" when he should realize that the speech or conduct will probably be viewed by the suspect as designed to achieve this purpose. To ensure that the inquiry is entirely *objective*, the proposed test could be framed as follows: if an objective observer (with the same knowledge of the suspect as the police officer) would, on the sole basis of hearing the officer's remarks, infer that the remarks were designed to elicit an incriminating response, then the remarks should constitute "interrogation" '.

1 W. LaFave & J. Israel, Criminal Procedure § 6.7(a) (1984) (quoting White, *Interrogation Without Questions: Rhode Island v. Innis and United States v. Henry*, 78 Mich. L. Rev. 1209, 1231 n.146 (1980) ).

At trial when asked whether he expected to receive a response from his act of showing the defendant the bag and from his words "Look what I've got," Officer Carver testified that he expected a response, "if nothing else [a] denial." After getting the sought after response, Officer Carver then asked the defendant a question concerning the response which resulted in an incriminating statement. Therefore, I conclude that an interrogation took place because the officer knew or should have known that his words and actions were reasonably likely to evoke an incriminating response and because an objective observer would have believed that such action by the officer was designed to elicit an incriminating response.

Because the police officer did not advise the defendant of his *Miranda* warnings prior to the custodial interrogation, it was error to admit the defendant's incriminating statements. *State v. Banks*, 322 N.C. 753, 759, 370 S.E.2d 398, 402 (1988). However, not all errors involving incriminating statements obtained in violation of *Miranda* require new trials. Pursuant to N.C.G.S. § 15A-1443(b) (1988), "[a] violation of the defendant's rights under the Constitution of the United States is prejudicial unless the appellate court finds that it was harmless beyond a reasonable doubt. The burden is upon the State to demonstrate, beyond a reasonable doubt, that the error was harmless." *See State v. Greene*, 324 N.C. 1, 12, 376 S.E.2d 430, 437-38 (1989), *death sentence vacated on other grounds*, --- U.S. ---, 108 L.Ed.2d 603 (1990) (applying harmless error analysis to defendant's statement); *see also Howard v. Pung*, 862 F.2d 1348, 1351 (8th Cir. 1988), *cert. denied*, 492 U.S. 920, 106 L.Ed.2d 593 (1989) (applying harmless error analysis to confession); *United States v. Johnson*, 816 F.2d 918, 923 (3d Cir. 1987) (applying harmless error analysis to *Miranda* violation); *Bryant v. Vose*, 785 F.2d 364, 367 (1st Cir.), *cert. denied*, 477 U.S. 907, 91 L.Ed.2d 570 (1986); *Martin v. Wainwright*, 770 F.2d 918, 932 (11th Cir. 1985), *modified*, 781 F.2d 185, *cert. denied*, 479 U.S. 909, 93 L.Ed.2d 281 (1986); *United States v. Ramirez*, 710 F.2d 535, 542-43 (9th Cir. 1983); *Harryman v. Estelle*, 616 F.2d 870, 875 (5th Cir.) (en banc), *cert. denied*, 449 U.S. 860, 66 L.Ed.2d 76 (1980). Here, the State has not met its burden.

Without the unlawfully obtained statements, the only evidence of the defendant's guilt is circumstantial. As to the possession element, the only evidence is that the cocaine was found in a car driven by the defendant. However, the car belonged to someone else. The only evidence on the intent to sell element shows that the 2.1 grams of cocaine had been packaged in ten, small, zip-lock bags. Here, I believe that the trial court's error in admitting the defendant's incriminating statements, in light of the less than overwhelming circumstantial evidence, was not harmless error beyond a reasonable doubt. *State v. Robey*, 91 N.C. App. 198, 206, 371 S.E.2d 711, 716, *disc. rev. denied*, 323 N.C. 479, 373 S.E.2d 874 (1988) (citing *State v. Brown*, 306 N.C. 151, 164, 293 S.E.2d 569, 578 (1982) (State may overcome presumption of prejudice by showing that other evidence of guilt is "overwhelming")). Accordingly, I would vacate the defendant's conviction of felonious possession with intent to sell and remand for a new trial.