STATE v. POPE

[333 N.C. 116 (1992)]

No. 91A89

(Filed 18 December 1992)

Appeal of right by defendant pursuant to N.C.G.S. § 7A-27(a) from a judgment imposing the sentence of death entered by Stephens, J., at the 9 January 1989 Criminal Session of Superior Court, Wake County. Heard in the Supreme Court 14 October 1991.

*Lacy H. Thornburg, Attorney General, by Jane R. Garvey, Assistant Attorney General, and William N. Farrell, Jr., Special Deputy Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Gordon Widenhouse, Assistant Appellate Defender, for defendant-appellant.*

EXUM, Chief Justice.

Defendant was convicted of armed robbery and first degree murder on a felony murder theory. The jury recommended the death sentence upon finding two aggravating circumstances: (1) previous conviction of a felony involving violence and (2) defendant's having committed the murder for pecuniary gain. *See* N.C.G.S. § 15A-2000(e)(3) and (6). The jury found no mitigating circumstances. As the State relied upon a theory of felony murder, the trial court arrested judgment on the underlying felony to the offense of robbery with a firearm.

Defendant contends the trial court erred in denying his motion to suppress statements made to Raleigh Police Officers because such statements were made in violation of his right to counsel under the Fifth Amendment of the United States Constitution. This issue is factually intertwined with defendant's conviction of first degree murder in Durham County. *State v. Pope*, 333 N.C.

STATE v. POPE

[333 N.C. 116 (1992)]

106, 423 S.E.2d 740 (1992) (hereinafter *"Pope I"*). Indeed, on this issue, the facts in *Pope I* are identical to the facts here. Therefore, we refer to *Pope I* for the facts surrounding the issue of the admissibility of defendant's confession. For the reasons stated in *Pope I*, we hold defendant's confessions are inadmissible in Wake County and their admission constituted reversible error necessitating a new trial.

With regard to the admissibility of the .45 caliber handgun used in commission of the crime, but for the inevitable discovery doctrine, the weapon would not have been admissible for the reasons stated in *Pope I*. In *Pope I* we concluded the inevitable discovery doctrine supported the admission of the weapon. Unlike *Pope I*, however, the State here did not proffer evidence material to, and the trial court did not address, the inevitable discovery doctrine. Whether this exception is applicable is initially a question to be addressed by the trial court; therefore, we do not address it here. We note, of course, that insofar as the evidence offered on remand coincides with the evidence in *Pope I*, our resolution of this issue in *Pope I* will control at trial.

The defendant has set forth additional assignments of error concerning both the penalty phase and sentencing phase of this case. However, because these assignments of error may not arise following defendant's new trial, we decline to address them.

NEW TRIAL.

Justice Lake did not participate in the consideration or decision of this case.

Justice FRYE concurring in part, dissenting in part.

I concur in the majority's conclusion that defendant is entitled to a new trial. However, for the reasons stated in my concurring opinion in *State v. Garner*, 331 N.C. 491, 417 S.E.2d 502 (1992), I dissent from the Court's conclusion that the resolution of the question of the admissibility of the handgun under the inevitable discovery exception to the exclusionary rule will be controlled by *Pope I* insofar as the evidence offered on remand coincides with the evidence in *Pope I*. I believe the handgun should be admitted at defendant's new trial only if the State shows by clear and convincing evidence that the handgun would have been inevitably

discovered by the police or by someone who would have turned it over to the police. Such evidence was not presented in *Pope I*.