STATE OF NORTH CAROLINA v. DONNIE EDWARD MAY

No. 171A92

(Filed 10 September 1993)

1. **Evidence and Witnesses § 1294 (NCI4th)— murder and robbery—physical evidence—obtained from statements to defendant's girlfriend—Miranda violation—admissible**

    The trial court did not err in a prosecution for murder and armed robbery by admitting into evidence a knife, a pair of gloves, and a rag which had been found by the investigating officer in the yard of the defendant's home where the defendant signed a written waiver of his rights under *Miranda* but invoked his right to counsel after the officers began interrogating him; the interrogation ceased at that time; two days later the defendant's girlfriend, who lived with him, gave officers permission to search his mobile home and his yard; the officers learned from the girlfriend that defendant was concerned about something buried in the backyard; at the suggestion of the officers, the girlfriend called the defendant, who was in jail, and informed him that the officers intended to search the backyard; she asked the defendant whether she "needed" to get rid of anything in the yard; defendant told her there was a tree in the backyard which had a string tied around it and to get rid of what was buried under the tree; the girlfriend reported this conversation to the officers; and they found the disputed items at the place indicated by defendant. The trustworthiness of the physical evidence could not be affected by its admission or exclusion and, although the officers in this case violated the prophylactic rule of *Miranda* as extended by *Edwards*, they did not violate the defendant's constitutional right not to incriminate himself. The deterrent value of the rule is satisfied by the exclusion of the statement made as a result of the *Miranda* or *Edwards* violations.

    **Am Jur 2d, Evidence §§ 571, 572.**

    **Admissibility of confession as affected by its inducement through artifice, deception, trickery, or fraud. 99 ALR2d 772.**

**2. Constitutional Law § 342 (NCI4th)— murder and robbery — communications between bailiff and jury — outside defendant's presence — no error**

A defendant in a prosecution for robbery and murder was not deprived of his right to be present at every stage of the trial as guaranteed by Article I, Section 23 of the Constitution of North Carolina where the court twice instructed the bailiff during hearings out of the presence of the jury to tell the jury that it was free to leave the jury room for fifteen minutes. The court had the authority to tell the jury this and, without anything in the record to show that something else happened, it will be assumed the bailiff followed the court's instructions.

**Am Jur 2d, Criminal Law §§ 692 et seq., 901 et seq.**

**Accused's right, under Federal Constitution, to be present at his trial — Supreme Court cases. 25 L. Ed. 2d 931.**

Appeal as of right pursuant to N.C.G.S. § 7A-27(a) from a judgment imposing a sentence of life imprisonment entered by Helms (William H.), J., at the 5 November 1991 Criminal Session of Superior Court, Union County, upon a jury verdict of guilty of first degree murder. The defendant's motion to bypass the Court of Appeals as to an additional judgment was allowed on 23 July 1992. Heard in the Supreme Court 16 March 1993.

The defendant was tried for first degree murder and armed robbery. The State introduced evidence sufficient to convict the defendant, including testimony by two persons who had been incarcerated with the defendant that the defendant had told them he had stabbed the victim to death and had taken certain items of personal property from her. The defendant was convicted of both charges. A sentencing hearing was held and the jury recommended the defendant be sentenced to life in prison on the murder conviction. The court sentenced the defendant to life in prison for the murder and forty years in prison for the armed robbery. The armed robbery sentence is to be served at the expiration of the sentence for murder. The defendant appealed.

*Michael F. Easley, Attorney General, by Valerie B. Spalding, Assistant Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Staples Hughes, Assistant Appellate Defender, for defendant-appellant.*

**STATE v. MAY**

[334 N.C. 609 (1993)]

WEBB, Justice.

[1] The defendant first assigns error to the introduction into evidence by the State of a knife, a pair of gloves, and a rag which had been found by the investigating officer in the yard of the defendant's home. The defendant moved to suppress this evidence at the trial and a hearing on the motion was held out of the presence of the jury. The evidence at the hearing showed that the defendant was arrested on 4 February 1991. The defendant signed a written waiver of his rights under *Miranda v. Arizona*, 384 U.S. 436, 16 L. Ed. 2d 694 (1966), but invoked his right to counsel after the officers began interrogating him. The interrogation ceased at that time.

Two days later the defendant's girlfriend, who lived with him, gave the officers permission to search his mobile home and his yard. The officers learned from the girlfriend that defendant was concerned about something buried in the backyard. At the suggestion of the officers, the girlfriend called the defendant who was in jail and informed him that the officers intended to search the backyard. She asked the defendant whether she "needed" to get rid of anything in the yard. The defendant told her there was a tree in the backyard which had a string tied around it. The defendant told her to get rid of what was buried under the tree. The girlfriend reported this conversation to the officers and they found the disputed items at the place at which the defendant said they would be.

At the conclusion of the hearing, the court found facts consistent with the above evidence and concluded that the girlfriend acted as an agent of the State when she called the defendant, that the defendant was not under any coercion when he talked to his girlfriend and his telling her of the items under the tree was a voluntary act. The court held that none of the defendant's constitutional rights were violated and ordered the items admitted into evidence.

The defendant contends it was error not to suppress from evidence the items found under the tree because they were found as a result of an interrogation that violated *Miranda* and *Edwards v. Arizona*, 451 U.S. 477, 68 L. Ed. 2d 378 (1981). *Miranda* holds that in order for a defendant's custodial statement to be admissible at trial, the defendant, prior to making the statement, must be advised of his constitutional rights as delineated in that opinion unless some fully effective equivalent is utilized and the defendant

voluntarily and understandably waives his constitutional rights. *Edwards* extends this rule to require that when a defendant asks for an attorney no custodial statement he thereafter makes may be introduced into evidence unless the defendant either has his lawyer with him when he makes the statement or initiates the interview with the officers and waives his rights. The defendant contends that the items seized should be suppressed because they were found as a result of an interview initiated by law enforcement officers after he had invoked his Fifth Amendment right to counsel.

The United States Supreme Court has interpreted *Miranda* in *Michigan v. Tucker*, 417 U.S. 433, 41 L. Ed. 2d 182 (1974) and *Oregon v. Elstad*, 470 U.S. 298, 84 L. Ed. 2d 222 (1985). In those cases, the Supreme Court recognized that the failure to give *Miranda* warnings is not itself the violation of a person's right against self-incrimination. The *Miranda* warnings are a prophylactic standard used to safeguard the privilege against self-incrimination. The exclusionary rule in such a case is applied differently than it is applied in a case in which a person's constitutional rights are violated such as by an illegal search and seizure. In the latter case, evidence gathered as a result of the constitutional violation is the fruit of a poisoned tree and must be excluded. *Wong Sun v. United States*, 371 U.S. 471, 9 L. Ed. 2d 441 (1963). If the record shows there was no actual coercion but only a violation of the *Miranda* warning requirement, it is not necessary to give too broad an application to the exclusionary rule. The statement which is obtained by the violation of the *Miranda* rule must be excluded but some evidence which is obtained as a result of the violation does not have to be excluded. In *Tucker*, the Supreme Court held that a witness who was found only because of a statement taken in violation of *Miranda* should be allowed to testify. In *Elstad*, the Court held that a confession taken after compliance with *Miranda* is admissible although it was procured in part because of an earlier unwarned confession.

The United States Supreme Court has not passed on the question we face in this case, which is whether physical evidence must be suppressed if it is found in violation of the prophylactic rule of *Miranda* or *Edwards* but not as the result of actual coercion which violated the rights of the defendant. The Court had a chance to do so but declined in *Patterson v. United States*, 485 U.S. 922, 99 L. Ed. 2d 255 (1988). The courts which have faced this issue are divided. *See United States ex rel. Hudson v. Cannon*, 529 F.2d

890 (7th Cir. 1976); *United States v. Castellana,* 488 F.2d 65 (5th Cir. 1974); *United States v. Massey,* 437 F. Supp. 843 (M.D. Fla. 1977); *State v. Preston,* 411 A.2d 402 (Me. 1980); *Wilson v. Zant,* 249 Ga. 373, 290 S.E.2d 442 (Ga. 1982), *cert. denied,* 459 U.S. 1092, 74 L. Ed. 2d 940 (1982).

We hold that the physical evidence discovered as a result of the defendant's statement to his girlfriend was properly admitted into evidence in this case. In *Tucker* and *Elstad,* the United States Supreme Court emphasized that determining whether evidence discovered as the result of a *Miranda* violation should be admitted depends on whether its exclusion would serve to deter improper police conduct or assure the trustworthiness of the evidence. We do not see how the trustworthiness of the physical evidence admitted in this case could be affected by its admission or exclusion. Although the officers in this case violated the prophylactic rule of *Miranda* as extended by *Edwards,* they did not violate the defendant's constitutional right not to incriminate himself. It is important that all relevant evidence be submitted to the jury in order for it to make the proper findings. This outweighs the need to exclude evidence which was gathered as the result of a non-coercive statement made in violation of the prophylactic rule of *Miranda* as extended by *Edwards.* The deterrent value of the rule is satisfied by the exclusion of the statement made as a result of the *Miranda* or *Edwards* ·violations.

This assignment of error is overruled.

[2] In his second assignment of error, the defendant contends his right to be present at every stage of the trial guaranteed by Article I, Section 23 of the Constitution of North Carolina was violated. He says this was done by certain instructions of the court to the bailiff and the actions taken by the bailiff pursuant to those instructions. At one point in the trial, the jury was in the jury room while a hearing was being conducted. The transcript reveals that the following occurred:

[PROSECUTOR]: Your Honor, Lieutenant Cox may be the State's next witness and for purposes of the next witness for purposes of voir dire. He needs to go downstairs and get a piece of paper. May he be released for just three minutes, four minutes, to do that?

THE COURT: All right, I think we'll go ahead and take our morning recess anyway.

. . . .

THE COURT: It is [sic] all right for the bailiff to tell the jurors to take fifteen minutes, be back in fifteen minutes?

[DEFENSE COUNSEL]: Yes, sir.

THE COURT: Any objection to that?

[DEFENSE COUNSEL]: No objection.

[PROSECUTOR]: No, sir.

THE COURT: All right, Mr. Bailiff, if you'll tell the jurors to take a fifteen minute recess and be back in the jury room in fifteen minutes, please.

(The witness leaves the witness stand.)

RECESS.

At a later time during the trial, the jury was in its room when the following occurred:

THE COURT: Is there any objection to letting the jury take a break[?] Apparently we're going to be doing this for a while longer.

[DEFENSE COUNSEL]: No, sir.

[PROSECUTOR]: No, sir.

THE COURT: Tell the jury they're free to go—any objection to the Bailiff telling them they're free to get a cup of coffee?

[DEFENSE COUNSEL]: No.

THE COURT: Tell them to be back in the jury room at 11:15, please. All right, go ahead.

The defendant contends that the bailiff was instructed to do what the court could not do, which was to tell the jury how to act. The court did have the authority to tell the jury how to act to the extent it could have told them they were free to leave the jury room for fifteen minutes if they wanted to do so. The defendant also contends that because no record was made of the bailiff's conversation with the jury, we cannot know the nature of the

conversation and it is impossible to reconstruct it. For that reason says the defendant, there is error requiring a new trial. *State v. Monroe*, 330 N.C. 846, 412 S.E.2d 652 (1992); *State v. Payne*, 320 N.C. 138, 357 S.E.2d 612 (1987).

In *Payne*, we said that so long as the record did not show to the contrary, we would assume that it spoke the truth as to what happened when the judge said he would deliver this admonition to the jury in the jury room. *Id.* at 139, 357 S.E.2d at 612. We believe we should do the same in this case. The court instructed the bailiff in this case on two occasions to tell the jury it could leave the jury room for fifteen minutes. Without anything in the record to show something else happened, we will assume the bailiff followed the court's instructions. It was not error for the court to send this message by the bailiff to the jury. It would impose a heavy burden on our courts if a court reporter were required to accompany a bailiff every time he is with a jury in order to make a record of what was said. This assignment of error is overruled.

NO ERROR.