STATE OF NORTH CAROLINA v. DWIGHT RAYMOND PHELPS

No. COA02-149

(Filed 18 February 2003)

1. **Confessions and Incriminating Statements— possession of crack cocaine—officer's statement—interrogation— defendant's response—absence of Miranda warnings— harmless error**

    An officer's post-arrest statement to defendant that defendant "needed to let me know right now before we went past the jail door if he had any kind of illegal substance or weapons on him, that it was an automatic felony no matter what it was" constituted interrogation within the meaning of the Miranda decision because the officer knew or should have known that his statement was reasonably likely to evoke an incriminating response, and defendant's response that he had crack cocaine in his pocket was improperly admitted in defendant's trial because the officer failed to give defendant the Miranda warnings prior to the custodial interrogation. However, the admission of defendant's statement was harmless error because (1) the illegal substance was found in the pocket of the coat worn by defendant, and there was no evidence to suggest that defendant did not own the coat or that the coat had only recently come into his possession; and (2) there is no reasonable possibility that the exclusion of defendant's statement would have resulted in a different verdict.

2. **Confessions and Incriminating Statements— voluntariness—coercion—failure to give Miranda warnings—exclusionary rule—motion to suppress cocaine**

    The trial court did not err in a felony possession of cocaine case by denying defendant's motion to suppress cocaine obtained as a result of an alleged coerced statement without the benefit of a Miranda warning when an officer had a friendly conversation with defendant during the ride to jail explaining to defendant that

defendant needed to let the officer know if defendant had any illegal substances or weapons on him and defendant told the officer he had crack cocaine in his coat pocket, because: (1) there was not any evidence of coercion on the part of the officer when during the ride to jail and prior to searching defendant, the officer did not threaten or promise defendant anything, and defendant was calm during the ride to the jail and while admitting to the officer that he had cocaine in his pocket; and (2) even if defendant's statement was coerced, the cocaine would have been admissible under the inevitable discovery doctrine which allows admission of evidence which was illegally obtained when the evidence ultimately or inevitably would have been discovered by lawful means since defendant's clothing would have been searched and the cocaine would have been found at the jail in accordance with police procedure.

Judge HUNTER concurring in part and dissenting in part.

Appeal by defendant from judgment entered 11 September 2001 by Judge Richard L. Doughton in Superior Court, Forysth County. Heard in the Court of Appeals 13 November 2002.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Marc Bernstein, for the State.*

*Marjorie S. Canaday for defendant-appellant.*

WYNN, Judge.

Defendant, Dwight Raymond Phelps, presents two issues on appeal arising from his conviction of felony possession of cocaine: (I) Did the trial court commit reversible error in denying defendant's motion to suppress a statement made to the police because defendant's constitutional right against self-incrimination as protected by *Miranda v. Arizona* was violated; and (II) Did the trial court commit reversible error in denying defendant's motion to suppress physical evidence obtained as a result of a coerced statement? We find no prejudicial error in defendant's trial.

On 5 February 2001, defendant was charged with one count of possession of a Schedule II Controlled Substance (cocaine) and being an habitual felon. Subsequently, defendant moved to suppress the cocaine seized from him as well as his statement to Officer Chad Mashni that he had crack cocaine in his coat pocket. Following the

trial court's denial of that motion, a jury found defendant guilty of felony possession of cocaine. Thereafter, defendant pled guilty to the habitual felon charge, but reserved his right to appeal the order denying the motion to suppress and the conviction of felony possession of cocaine. Defendant was sentenced to seventy to ninety-three months imprisonment.

The evidence tended to show that on 23 December 2000 at approximately 1:00 p.m., Officer Mashni, from the Winston-Salem Police Department, was dispatched to investigate a larceny at an apartment, in which defendant and his girlfriend resided. Upon determining from his patrol car computer that defendant had two outstanding warrants for his arrest, Officer Mashni placed defendant under arrest and performed an exterior search on defendant's person for weapons and contraband items. None were discovered.

Following the search, Officer Mashni placed defendant in his patrol car and drove him to the county jail. According to Officer Mashni, while in transit, he and defendant had a "friendly conversation" because Officer Mashni knew defendant's brother, who was a police officer. Officer Mashni testified during the hearing on defendant's motion to suppress that defendant's emotional state was fairly stable during the course of the ride. When asked at the hearing what he said to defendant in the parking lot of the jail, Officer Mashni responded:

> I explained to him that he needed to let me know right now before we went past the jail doors if he had any kind of illegal substances or weapons on him, that it was an automatic felony no matter what it was, so he better let me know right now.

Officer Mashni had not read defendant his *Miranda* rights before making this statement to defendant. Defendant told Officer Mashni that he had some crack in his coat pocket and Officer Mashni then retrieved three rocks, which he believed were crack cocaine, from defendant's left front coat pocket. A chemist at the State Bureau of Investigation later confirmed that the rocks were crack cocaine. According to Officer Mashni, from the time that he arrested defendant up until he found the cocaine, he did not make any promises to defendant concerning the particular charges that would be brought against defendant.

Defendant also testified at the hearing on his motion to suppress. He stated that while in the parking lot of the jail, Officer Mashni told

him: "[I]f you have any drugs or weapons on you, and you submit them at this time I won't charge you with them." According to defendant, after he told Officer Mashni that he had some crack in his pocket, Officer Mashni replied: "[I]t's good that you told me that, because . . . if you would have took [sic] them on the other side of them doors in the jail, they would charge you with a felony." Defendant stated that he believed that he would not be charged with a felony if he told Officer Mashni about the crack in his pocket. Defendant also testified at the hearing that while riding to the jail in Officer Mashni's patrol car, he became upset and began crying.

At trial, the trial court admitted into evidence defendant's statement to Officer Mashni that he had some crack cocaine in his coat pocket, and the crack cocaine rocks. Defendant appeals from his conviction of felony possession of cocaine.

I.

**[1]** Defendant first assigns error to the trial court's denial of his motion to suppress his statement to Officer Mashni regarding the crack cocaine. In reviewing a trial court's ruling on a motion to suppress, the trial court's findings of fact "are conclusive on appeal if supported by competent evidence, even if the evidence is conflicting." *State v. Eason*, 336 N.C. 730, 745, 445 S.E.2d 917, 926 (1994). However, a trial court's legal conclusions are fully reviewable on appeal. *State v. Greene*, 332 N.C. 565, 577, 422 S.E.2d 730, 737 (1992). "[T]he trial court's conclusions . . . must be legally correct, reflecting a correct application of applicable legal principles to the facts found." *State v. Fernandez*, 346 N.C. 1, 11, 484 S.E.2d 350, 357 (1997).

Defendant specifically argues that his statement regarding the location of the crack cocaine was inadmissible because he was not read his *Miranda* warnings prior to the statement being made and the statement was obtained during custodial interrogation. *See Miranda v. Arizona*, 384 U.S. 436, 479, 16 L. Ed. 2d 694, 726 (1966) (holding a defendant's statements elicited during a custodial interrogation are not admissible unless the State demonstrates that *Miranda* warnings were given prior to the statement being made).

" '[I]nterrogation' under Miranda refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Rhode Island v. Innis*, 446 U.S. 291, 301,

64 L. Ed. 2d 297, 308 (1980) (footnotes omitted); *see also State v. Washington*, 102 N.C. App. 535, 539, 402 S.E.2d 851, 854 (1991) (Greene, J. dissenting), *rev'd per curiam*, 330 N.C. 188, 189, 410 S.E.2d 55, 56 (1991) (reversing the decision of the Court of Appeals on the basis of the dissent filed in *State v. Washington*).

In the present case, there is no question that defendant was in custody at the time his statement was made. Therefore, the key inquiry becomes whether Officer Mashni's statement to which defendant responded that he had crack in his coat pocket was "interrogation" within the meaning of *Miranda*. Officer Mashni testified at the hearing on defendant's motion to suppress as follows:

> I explained to [defendant] that he needed to let me know right now before we went past the jail doors if he had any kind of illegal substances or weapons on him, that it was an automatic felony no matter what it was, so he better let me know right now.

Defendant, however, testified at the hearing that Officer Mashni told him: "[I]f you have any drugs or weapons on you, and you submit them at this time I won't charge you with them."

The trial court concluded in its order denying defendant's motion to suppress that Officer Mashni merely made a statement to defendant informing him of the law pertaining to possession of controlled substances in jail and that this statement did not constitute interrogation as defined by case law for the purposes of the *Miranda* decision. The trial court further concluded that the statements made by Officer Mashni were not designed to elicit an incriminating response. We disagree.

In this case, Officer Mashni knew or should have known that his statement was reasonably likely to evoke an incriminating response. Officer Mashni's objective purpose was to obtain defendant's admission or denial of the possession of contraband. Therefore, we conclude the trial court erred in admitting defendant's incriminating statement because the officer failed to advise defendant of his *Miranda* warnings prior to the custodial interrogation. *See State v. Banks*, 322 N.C. 753, 759, 370 S.E.2d 398, 402 (1988).

Nonetheless, the State asserts that even if this Court concludes that defendant's statement was improperly admitted, the trial court's error was harmless. We agree. N.C. Gen. Stat. § 15A-1443(b) (2001) provides:

A violation of the defendant's rights under the Constitution of the United States is prejudicial unless the appellate court finds that it was harmless beyond a reasonable doubt. The burden is upon the State to demonstrate, beyond a reasonable doubt, that the error was harmless.

" 'Harmless beyond a reasonable doubt' has been interpreted to mean that 'there is no reasonable possibility' that the erroneous admission of evidence 'might have contributed to the conviction.' " *State v. Hooper*, 318 N.C. 680, 682, 351 S.E.2d 286, 288 (1987) (quoting *State v. Castor*, 285 N.C. 286, 292, 204 S.E.2d 848, 853 (1974)).

In order to convict a defendant of felony possession of a controlled substance, the State must prove beyond a reasonable doubt the defendant knowingly possessed the substance. *State v. Givens*, 95 N.C. App. 72, 76, 381 S.E.2d 869, 871 (1989). It is well established that "knowledge is a mental state that may be proved by offering circumstantial evidence to prove a contemporaneous state of mind. Jurors may infer knowledge from all the circumstances presented by the evidence." *State v. Bogle*, 324 N.C. 190, 195, 376 S.E.2d 745, 748 (1989). Knowledge may be shown even where the defendant's possession of the illegal substance is merely constructive rather than actual. *See, e.g., State v. Harvey*, 281 N.C. 1, 187 S.E.2d 706 (1972).

Where, as in the instant case, the evidence before the jury tended to show that the illegal substance was found in the pocket of the coat worn by defendant, and there was no evidence to suggest that defendant did not own the coat, or that the coat had only recently come into his possession, there is no reasonable possibility that the exclusion of defendant's statement would have resulted in a different verdict. Accordingly, the trial court's error was harmless beyond a reasonable doubt.

## II.

[2] Defendant also contends the court erred in admitting the cocaine into evidence because the cocaine was found as a result of an interrogation that violated *Miranda*. We disagree.

Our Supreme Court has previously stated that "[i]f the record shows there was no actual coercion but only a violation of the *Miranda* warning requirement, it is not necessary to give too broad an application to the exclusionary rule." *State v. May*, 334 N.C. 609, 612, 434 S.E.2d 180, 182 (1993), *cert. denied*, 510 U.S. 1198, 127 L. Ed. 2d 661 (1994). Under the exclusionary rule, "[w]hen evidence is

obtained as the result of illegal police conduct, not only should that evidence be suppressed, but all evidence that is the 'fruit' of that unlawful conduct should be suppressed." *State v. Pope*, 333 N.C. 106, 113-14, 423 S.E.2d 740, 744 (1992). In *May*, the Court concluded that on the facts of that case, physical evidence which was found as a result of a *Miranda* violation, but not as the result of actual coercion which violated the rights of the defendant, was admissible. *May*, 334 N.C. at 613, 434 S.E.2d at 182. The *May* Court relied on the United States Supreme Court's recognition "that the failure to give *Miranda* warnings is not itself the violation of a person's right against self-incrimination."[1] *May*, 334 N.C. at 612, 434 S.E.2d at 182 (citing *Michigan v. Tucker*, 417 U.S. 433, 41 L. Ed. 2d 182 (1974) and *Oregon v. Elstad*, 470 U.S. 298, 84 L. Ed. 2d 222 (1985)). "[D]etermining whether evidence discovered as the result of a *Miranda* violation should be admitted depends on whether its exclusion would serve to deter improper police conduct or assure the trustworthiness of the evidence." *May*, 334 N.C. at 613, 434 S.E.2d at 182.

In determining whether defendant's statement in the instant case was voluntary, we must review the totality of the surrounding circumstances in which the statement was made. *State v. Brewington*, 352 N.C. 489, 499, 532 S.E.2d 496, 502 (2000), *cert. denied*, 531 U.S. 1165, 148 L. Ed. 2d 992 (2001). A statement is involuntary or coerced if it is the result of government tactics so oppressive that the will of the interrogated party "has been overborne and his capacity for self-determination critically impaired . . . ." *Schneckloth v. Bustamonte*, 412 U.S. 218, 225, 36 L. Ed. 2d 854, 862 (1973). Our Supreme Court has listed several factors that should be considered in determining the voluntariness of statements:

> [W]hether defendant was in custody, whether he was deceived, whether his Miranda rights were honored, whether he was held incommunicado, the length of the interrogation, whether there were physical threats or shows of violence, whether promises were made to obtain the confession, the familiarity of the declarant with the criminal justice system, and the mental condition of the declarant.

*State v. Hardy*, 339 N.C. 207, 222, 451 S.E.2d 600, 608 (1994).

---

1. We note that this rationale may be called into doubt by *Dickerson v. United States*, 530 U.S. 428, 147 L. Ed. 2d 405 (2000), in which our United States Supreme Court held that *Miranda* was a constitutional decision. However, any possible impact of *Dickerson* on *May* would have to be addressed by the Supreme Court of North Carolina because we are bound by *May* until our State's highest Court holds otherwise.

In the case *sub judice*, the trial court concluded there was not any evidence of coercion on the part of the officer and therefore, even if a *Miranda* violation had occurred, the crack cocaine was still admissible. The court made findings to support this conclusion of law and those findings are supported by competent evidence. The trial court found that during the ride to the jail and prior to searching defendant, the officer did not threaten or promise defendant anything. Additionally, the trial court found that defendant was calm during the ride to the jail and while admitting to the officer that he had cocaine in his pocket. We acknowledge that defendant's testimony conflicts with the trial court's findings as well as Officer Mashni's testimony. However, our review is restricted to determining whether the trial court's findings are supported by competent evidence. We conclude the trial court's findings are supported by competent evidence (Officer Mashni's testimony) and these findings, in turn, support the trial court's conclusion that there was not any evidence of coercion on the part of the officer. Therefore, in following *May*, we conclude that although Officer Mashni violated the prophylactic rule of *Miranda*, the evidence found as a result of this violation was properly admitted since defendant's statement was not the product of coercion.

Furthermore, even assuming defendant's statement was coerced, the cocaine would have been admissible under the inevitable discovery doctrine, which allows the admission of evidence which was illegally obtained, when the evidence ultimately or inevitably would have been discovered by lawful means. *See State v. Pope*, 333 N.C. 106, 423 S.E.2d 740 (1992). In this case, defendant had been arrested pursuant to two outstanding warrants and was being transported to jail for processing when he made the statement regarding the cocaine and the officer retrieved the crack from defendant's coat. In accordance with police procedure, during processing, defendant's clothing would have been searched and the cocaine would have been found. *See State v. Steen*, 352 N.C. 227, 241, 536 S.E.2d 1, 10-11 (2000) (stating "It is well settled in North Carolina that clothing worn by a person while in custody under a valid arrest may be taken from him for examination.") Accordingly, the cocaine was properly admitted.

No prejudicial error.

Judge TIMMONS-GOODSON concurs.

Judge HUNTER concurs in part and dissents in part.

STATE v. PHELPS

[156 N.C. App. 119 (2003)]

HUNTER, Judge, concurring in part and dissenting in part.

I agree with the majority's conclusion that the trial court erred in admitting defendant's statement to Officer Mashni that he had some crack in his coat pocket because the officer failed to advise defendant of his *Miranda* warnings prior to the custodial interrogation. However, I disagree with the majority's holding that the trial court's erroneous admission of defendant's incriminating statement was harmless beyond a reasonable doubt. *See* N.C. Gen. Stat. § 15A-1443(b) (2001). In addition, I concur with the majority's conclusion that the cocaine, which was found as a result of the *Miranda* violation, was properly admitted since defendant's statement was not the product of coercion. However, I disagree with the majority's determination that "even assuming defendant's statement was coerced, the cocaine would have been admissible under the inevitable discovery doctrine . . . ." Therefore, I respectfully dissent and would vacate defendant's conviction and remand for a new trial.

A violation of a defendant's rights under the Constitution of the United States is prejudicial unless the State demonstrates that the error was harmless beyond a reasonable doubt. N.C. Gen. Stat. § 15A-1443(b). In order for an Appellate Court to conclude that the State has met its burden of proving that the error was harmless beyond a reasonable doubt, the Court must be convinced "that 'there is no reasonable possibility' that the erroneous admission of evidence 'might have contributed to the conviction.' " *State v. Hooper*, 318 N.C. 680, 682, 351 S.E.2d 286, 288 (1987) (quoting *State v. Castor*, 285 N.C. 286, 292, 204 S.E.2d 848, 853 (1974)). The presence of overwhelming evidence of guilt may render a constitutional error harmless beyond a reasonable doubt. *State v. Autry*, 321 N.C. 392, 400, 364 S.E.2d 341, 346 (1988).

In the instant case, the admission of defendant's statement to Officer Mashni that he had some crack in his coat pocket was highly inflammatory on the issue of whether defendant knowingly possessed the cocaine. The State's evidence as to whether defendant knowingly possessed the cocaine, excluding defendant's statement, is hardly overwhelming. In fact, the only evidence against defendant is that cocaine, discovered as a result of a *Miranda* violation, was found inside the coat defendant was wearing. Thus, without the admission of defendant's incriminating statement, there is a reasonable possibility that the jury would have had reasonable doubt as to whether defendant knowingly possessed the cocaine and returned a different

verdict. Therefore, I conclude the State has not met its burden of proving that the error was harmless beyond a reasonable doubt, by showing that there is no reasonable possibility that the erroneous admission of the statement might have contributed to the conviction. Accordingly, I would vacate defendant's conviction and remand for a new trial.

I concur with the majority's conclusion that defendant's statement was not the product of coercion and therefore, the cocaine found as a result of the *Miranda* violation was properly admitted. However, I respectfully dissent from the majority's determination that "even assuming defendant's statement was coerced, the cocaine would have been admissible under the inevitable discovery doctrine . . . ." Pursuant to the inevitable discovery doctrine,

> evidence which would otherwise be excluded because it was illegally seized may be admitted into evidence if the State proves by a preponderance of the evidence that the evidence would have been inevitably discovered by the law enforcement officers if it had not been found as a result of the illegal action.

*State v. Pope*, 333 N.C. 106, 114, 423 S.E.2d 740, 744 (1992) (citing *Nix v. Williams*, 467 U.S. 431, 81 L. Ed. 2d 377 (1984)).

In the case *sub judice*, during the hearing on defendant's motion to suppress, the State did not present evidence material to, nor did the trial court address, the inevitable discovery doctrine. Our Supreme Court has previously stated: "Whether this exception [to the exclusionary rule] is applicable is initially a question to be addressed by the trial court . . . ." *State v. Pope*, 333 N.C. 116, 117, 423 S.E.2d 746, 746 (1992). Since the inevitable discovery doctrine was never raised in defendant's motion hearing not its applicability considered by the trial court, it is improper for this Court to determine that "even assuming defendant's statement was coerced, the cocaine would have been admissible under the inevitable discovery doctrine . . . ." In addition, during the suppression hearing, the State failed to present any evidence that the cocaine would have been inevitably discovered. Thus, the State did not meet the necessary burden of proving by a preponderance of the evidence that the cocaine would have been inevitably discovered by the law enforcement officers if it had not been found as a result of the *Miranda* violation. Therefore, I disagree with the majority's conclusion that even if the statement had been coerced, the evidence would have been admissible under the inevitable discovery exception.