ELMORE, Judge.
 

 *797
 
 Defendant moved to suppress the evidence of cocaine found during a search of his person at a vehicle checkpoint. The trial court denied the motion, and the jury found defendant
 
 *859
 
 guilty of possession of cocaine and possession of a firearm by a felon. The issue on appeal is whether an odor of marijuana emanating from "inside a vehicle" provides an officer with probable cause to conduct an immediate warrantless search of the driver. On these facts, we hold that it does not. We reverse the trial court's order and grant defendant a new trial for possession of cocaine in 14 CRS 050859.
 

 I. Background
 

 On 5 April 2014, Michael Ray Pigford (defendant) was stopped at a driver's license checkpoint. Defendant was driving the vehicle and Annie
 
 *798
 
 Dudley was riding in the front passenger seat. At the checkpoint, Deputy Sherriff Dwight Curington approached the vehicle and noticed an odor of marijuana emanating from the open driver-side window. Based on his training and experience, Deputy Curington was familiar with the smell of marijuana. He was "unable to establish the exact location" of the odor but "was able to determine it was coming from inside the vehicle."
 

 Upon smelling the odor, Deputy Curington ordered defendant out of the vehicle and searched him. He found cocaine residue on a dollar bill and straw located in defendant's back pocket. Deputy Curington arrested defendant, placed him in a patrol car, and proceeded to search the vehicle where he found a bag of marijuana under the driver seat and a handgun in the pouch on the back of the passenger seat. The handgun was stolen.
 

 Prior to trial, defendant moved to suppress the evidence of cocaine found on his person. The court denied the motion, concluding that "the odor of marijuana emitting from the front driver side window of the vehicle that defendant was driving established probable cause for Deputy Curington to remove the defendant from the vehicle and conduct a search of defendant's person."
 

 The jury acquitted defendant of possession of a stolen firearm, but found him guilty of possession of cocaine and possession of a firearm by a felon. He also pleaded guilty to attaining habitual felon status. The trial court sentenced defendant to 36 to 56 months of imprisonment for possession of cocaine, and imposed a consecutive sentence of 100 to 132 months for possession of a firearm by a felon. Defendant appeals.
 

 II. Discussion
 

 Defendant argues that the trial court erred in denying his motion to suppress the cocaine found on the dollar bill and straw. He maintains that Deputy Curington lacked probable cause to conduct a warrantless search of defendant's person because there was no individualized suspicion. More specifically, although the deputy smelled marijuana emanating from the vehicle, there was no evidence that the odor was attributable to defendant personally. The State responds by arguing that the odor of marijuana establishes exigent circumstances justifying an immediate search of not only the vehicle, but of the person, as well. Whether the smell of marijuana emanating from the driver-side window of a vehicle constitutes probable cause to search the driver appears to be an issue of first impression in North Carolina.
 

 Our review of a trial court's denial of a motion to suppress is "strictly limited to determining whether the trial judge's underlying findings of
 
 *799
 
 fact are supported by competent evidence, in which event they are conclusively binding on appeal, and whether those factual findings in turn support the judge's ultimate conclusions of law."
 
 State v. Cooke,
 

 306 N.C. 132
 
 , 134,
 
 291 S.E.2d 618
 
 , 619 (1982). "The trial court's conclusions of law ... are fully reviewable on appeal."
 
 State v. Hughes,
 

 353 N.C. 200
 
 , 208,
 
 539 S.E.2d 625
 
 , 631 (2000).
 

 The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend IV. Contemporaneously, "[t]he Fourth Amendment 'protects people from unreasonable government intrusions into their legitimate expectations of privacy.' "
 
 United States v. Place,
 

 462 U.S. 696
 
 , 706-07,
 
 103 S.Ct. 2637
 
 ,
 
 77 L.Ed.2d 110
 
 (1983) (citing
 
 United States v.
 

 *860
 

 Chadwick,
 

 433 U.S. 1
 
 , 7,
 
 97 S.Ct. 2476
 
 ,
 
 53 L.Ed.2d 538
 
 (1977) ).
 

 The Supreme Court has stressed its preference for warrant-based searches: "[S]earches conducted outside the judicial process, without prior approval by judge or magistrate, are
 
 per se
 
 unreasonable under the Fourth Amendment-subject only to a few specifically established and well-delineated exceptions."
 
 Katz v. United States,
 

 389 U.S. 347
 
 , 357,
 
 88 S.Ct. 507
 
 ,
 
 19 L.Ed.2d 576
 
 (1967) (footnotes omitted).
 

 One such exception, the "automobile exception," allows an officer to conduct a warrantless search of a lawfully stopped vehicle if probable cause exists to believe it contains contraband or evidence of a crime.
 
 Maryland v. Dyson,
 

 527 U.S. 465
 
 , 466-67,
 
 119 S.Ct. 2013
 
 ,
 
 144 L.Ed.2d 442
 
 (1999) ;
 
 Carroll v. United States,
 

 267 U.S. 132
 
 , 153,
 
 45 S.Ct. 280
 
 ,
 
 69 L.Ed. 543
 
 (1925). Where such probable cause exists, an officer may also search "any containers found inside [the vehicle] that may conceal the object of the search."
 
 United States v. Johns,
 

 469 U.S. 478
 
 , 479-80,
 
 105 S.Ct. 881
 
 ,
 
 83 L.Ed.2d 890
 
 (1985) (describing the holding from
 
 United States v. Ross,
 

 456 U.S. 798
 
 , 825,
 
 102 S.Ct. 2157
 
 ,
 
 72 L.Ed.2d 572
 
 (1982) ). The exception is based on the "ready mobility" of a vehicle and the reduced expectation of privacy derived "from the pervasive regulation of vehicles capable of traveling on the public highways."
 
 California v. Carney,
 

 471 U.S. 386
 
 , 390-92,
 
 105 S.Ct. 2066
 
 ,
 
 85 L.Ed.2d 406
 
 (1985).
 

 "Exigent circumstances" form the basis of another recognized exception to the warrant requirement. The exception applies where " 'the exigencies of the situation' make the needs of law enforcement so compelling that the warrantless search is objectively reasonable under the Fourth Amendment."
 
 Mincey v. Arizona,
 

 437 U.S. 385
 
 , 394,
 
 98 S.Ct. 2408
 
 ,
 
 57 L.Ed.2d 290
 
 (1978) (citations omitted). Exigent circumstances include the need to "prevent
 
 *800
 
 the imminent destruction of evidence,"
 
 Brigham City v. Stuart,
 

 547 U.S. 398
 
 , 403,
 
 126 S.Ct. 1943
 
 ,
 
 164 L.Ed.2d 650
 
 (2006) (citation omitted), whereby officers may "conduct an otherwise permissible search without first obtaining a warrant,"
 
 Kentucky v. King,
 

 563 U.S. 452
 
 , 455,
 
 131 S.Ct. 1849
 
 ,
 
 179 L.Ed.2d 865
 
 (2011).
 

 To be sure, "the scope of the warrantless search ... is no broader and no narrower than a magistrate could legitimately authorize by warrant."
 
 Ross,
 

 456 U.S. at 825
 
 ,
 
 102 S.Ct. 2157
 
 . It must be supported by probable cause.
 
 Id.;
 

 King,
 

 563 U.S. at 455
 
 ,
 
 131 S.Ct. 1849
 
 .
 

 "Probable cause exists where 'the facts and circumstances within [an officer's] knowledge, and of which [he] had reasonably trustworthy information, [are] sufficient in themselves to warrant a man of reasonable caution in the belief' that an offense has been or is being committed," and that evidence bearing on that offense will be found in the place to be searched.
 

 Safford Unified Sch. Dist. No. 1 v. Redding,
 

 557 U.S. 364
 
 , 370,
 
 129 S.Ct. 2633
 
 ,
 
 174 L.Ed.2d 354
 
 (2009) (alterations in original) (citations omitted) (quoting
 
 Brinegar v. United States,
 

 338 U.S. 160
 
 , 175-176,
 
 69 S.Ct. 1302
 
 ,
 
 93 L.Ed. 1879
 
 (1949) );
 
 see also
 

 Illinois v. Gates,
 

 462 U.S. 213
 
 , 238,
 
 103 S.Ct. 2317
 
 ,
 
 76 L.Ed.2d 527
 
 (1983) (describing "probable cause" as "a fair probability that contraband or evidence of a crime will be found in a particular place" (citation omitted)). "Where the standard is probable cause, a search or seizure of a person must be supported by probable cause particularized with respect to that person."
 
 Ybarra v. Illinois,
 

 444 U.S. 85
 
 , 91,
 
 100 S.Ct. 338
 
 ,
 
 62 L.Ed.2d 238
 
 (1979) ;
 
 see also
 

 Chandler v. Miller,
 

 520 U.S. 305
 
 , 313,
 
 117 S.Ct. 1295
 
 ,
 
 137 L.Ed.2d 513
 
 (1997) ("To be reasonable under the Fourth Amendment, a search ordinarily must be based on individualized suspicion of wrongdoing." (citation omitted)).
 

 It is not contested that Deputy Curington had probable cause to search defendant's vehicle. In
 
 United States v. Di Re,
 

 332 U.S. 581
 
 ,
 
 68 S.Ct. 222
 
 ,
 
 92 L.Ed. 210
 
 (1948), however, the Supreme Court of the United States rejected the government's claim that "officers have the right, without a warrant, to search any car which they have reasonable cause to believe carries contraband, and incidentally may search any occupant of such car when the contraband sought is of a character
 
 *861
 
 that might be concealed on the person."
 
 Id.
 
 at 584,
 
 68 S.Ct. 222
 
 . The Court held instead that probable cause to search a vehicle does not justify a search of a passenger: "We are not convinced that a person, by mere presence in a suspected car, loses immunities from search of his person to which he would otherwise be entitled."
 

 Id.
 

 at 587
 
 ,
 
 68 S.Ct. 222
 
 .
 

 The Court later clarified that
 
 Di Re
 
 "turned on the unique, significantly heightened protection afforded against searches of one's person."
 

 *801
 

 Wyoming v. Houghton,
 

 526 U.S. 295
 
 , 303,
 
 119 S.Ct. 1297
 
 ,
 
 143 L.Ed.2d 408
 
 (1999). Its holding was not based on a "distinction between drivers and passengers,"
 

 id.
 

 at 303 n. 1,
 
 119 S.Ct. 1297
 
 , because probable cause to search a car also justifies a search of "passengers'
 
 belongings
 
 found in the car that are capable of concealing the object of the search,"
 

 id.
 

 at 307
 
 ,
 
 119 S.Ct. 1297
 
 (emphasis added). Rather, it was based on the distinction " between search of the person and search of property."
 

 Id.
 

 at 303 n. 1,
 
 119 S.Ct. 1297
 
 .
 

 We relied on
 
 Di Re
 
 to reach a similar conclusion in
 
 State v. Malunda,
 

 230 N.C.App. 355
 
 ,
 
 749 S.E.2d 280
 
 ,
 
 writ denied, review denied,
 

 367 N.C. 283
 
 ,
 
 752 S.E.2d 476
 
 (2013). In
 
 Malunda,
 
 after conducting a lawful traffic stop, officers ordered the defendant-passenger out of the car and detained him on the curb.
 
 Id.
 
 at 356-57,
 
 749 S.E.2d at 282
 
 . The officers proceeded toward the driver side of the vehicle and "noticed a strong odor of marijuana" which they had not smelled on the passenger side.
 

 Id.
 

 at 357
 
 ,
 
 749 S.E.2d at 282
 
 . They removed the driver and searched the vehicle, finding marijuana in the driver-side door.
 

 Id.
 

 Officers then searched the defendant and found crack cocaine on his person.
 

 Id.
 

 We held that the odor of marijuana gave the officers probable cause to search the vehicle but not the defendant: "Probable cause to search a vehicle does not ... amount to probable cause to search a passenger in the vehicle."
 

 Id.
 

 at 359
 
 ,
 
 749 S.E.2d at
 
 283 (citing
 
 Di Re,
 

 332 U.S. at 587
 
 ,
 
 68 S.Ct. 222
 
 ). Because "there was nothing linking the marijuana to defendant besides his presence in the vehicle," the search of the defendant's person was not supported by probable cause particularized to the defendant.
 
 Id.
 
 at 360,
 
 749 S.E.2d at 284
 
 .
 

 Nevertheless, the State attempts to justify the search, as did the trial court, based on our holding in
 
 State v. Yates,
 

 162 N.C.App. 118
 
 ,
 
 589 S.E.2d 902
 
 (2004), where the odor of marijuana on the defendant gave rise to a warrantless search of his person.
 
 Id.
 
 at 120-21,
 
 589 S.E.2d at 903
 
 . In that case, an officer formed probable cause that the defendant possessed marijuana after the "defendant walked by him twice, once going in, the other time out" of a restaurant, "emanating a strong odor of marijuana, and each time defendant was alone."
 
 Id.
 
 at 123,
 
 589 S.E.2d at 905
 
 . Because "narcotics can be easily and quickly hidden or destroyed," especially after a suspect learns of an officer's suspicions, we concluded that the warrantless search was reasonable based on the exigency of the situation.
 

 Id.
 

 We fail to see how
 
 Yates
 
 could justify the challenged search
 
 sub judice
 
 because the State offered no evidence-and the trial court did not find-that the marijuana odor was attributable to defendant. Deputy
 
 *802
 
 Curington testified that as he stood next to the driver-side window, he smelled marijuana "inside the car," though his description of the source of the odor was no more precise. He could not recall whether the other windows of the vehicle were rolled down, nor did he approach the passenger-side window where the odor could have been just as potent. He offered no testimony as to whether he smelled marijuana on defendant after ordering him out of the car. To the extent the odor could have been attributed to defendant, it could have been equally attributable to Ms. Dudley or somewhere else inside the car. Deputy Curington may have had probable cause to search the vehicle, but he did not have probable cause to search defendant.
 

 The State did not argue that the discovery of the cocaine was inevitable. Our North Carolina Supreme Court adopted the "inevitable discovery" doctrine established in
 
 Nix v. Williams,
 

 467 U.S. 431
 
 ,
 
 104 S.Ct. 2501
 
 ,
 
 81 L.Ed.2d 377
 
 (1984), as an exception to the exclusionary rule, whereby unlawfully obtained evidence may nevertheless be admitted at trial if the State proves by a preponderance
 
 *862
 
 that the evidence ultimately would have been discovered through lawful means.
 
 State v. Garner,
 

 331 N.C. 491
 
 , 500,
 
 417 S.E.2d 502
 
 , 507 (1992) ;
 
 State v. Pope (Pope I),
 

 333 N.C. 106
 
 , 114,
 
 423 S.E.2d 740
 
 , 744 (1992). Given that Deputy Curington had probable cause to search the vehicle, which contained marijuana and a stolen gun, we might wonder whether the cocaine inevitably would have been discovered through a search incident to a lawful arrest. Whether this doctrine applies in a particular case, however, "is initially a question to be addressed by the trial court."
 
 State v. Pope (Pope II),
 

 333 N.C. 116
 
 , 117,
 
 423 S.E.2d 746
 
 , 746 (1992). And since it was neither raised nor considered at defendant's motion hearing, we express no opinion on its applicability
 
 sub judice.
 

 State v. Phelps,
 

 156 N.C.App. 119
 
 , 128,
 
 575 S.E.2d 818
 
 , 824-25 (2003) (Hunter, J., dissenting in part),
 
 rev'd for the reasons stated in the dissent,
 

 358 N.C. 142
 
 ,
 
 592 S.E.2d 687
 
 (2004).
 

 We are mindful that law enforcement, to be effective, must have "the ability to find and seize contraband and evidence of a crime."
 
 Houghton,
 

 526 U.S. at 305
 
 ,
 
 119 S.Ct. 1297
 
 . We also acknowledge, however, that "[n]o right is held more sacred, or is more carefully guarded, by the common law, than the right of every individual to the possession and control of his own person, free from all restraint or interference of others, unless by clear and unquestionable authority of law."
 
 Union Pac. R. Co. v. Botsford,
 

 141 U.S. 250
 
 , 251,
 
 11 S.Ct. 1000
 
 ,
 
 35 L.Ed. 734
 
 (1891). Where "[e]ven a limited search of the outer clothing ... constitutes a severe, though brief, intrusion upon cherished personal security,"
 
 Terry v. Ohio,
 

 392 U.S. 1
 
 , 24-25,
 
 88 S.Ct. 1868
 
 ,
 
 20 L.Ed.2d 889
 
 (1968), it is certainly not too onerous to require an officer to take some additional step to establish
 
 *803
 
 individualized suspicion before intruding upon a reasonable expectation of privacy.
 
 [1]
 

 III. Conclusion
 

 The deputy lacked probable cause to remove defendant from the vehicle and search his person. The search violated defendant's Fourth Amendment rights, and the trial court erred in denying his motion to suppress. N.C. Gen.Stat. § 15A-974(a)(1) (2015) ;
 
 Pope I,
 
 333 N.C. at 113-14, 423 S.E.2d at 744 (citing
 
 Wong Sun v. United States,
 

 371 U.S. 471
 
 ,
 
 83 S.Ct. 407
 
 ,
 
 9 L.Ed.2d 441
 
 (1963) ). We reverse the trial court's order and grant defendant a new trial for possession of cocaine.
 

 REVERSED; NEW TRIAL.
 

 Judge INMAN concurs.
 

 Judge McCULLOUGH concurs with a separate opinion.
 

 MCCULLOUGH, Judge, concurrence.
 

 I write separately in concurring with the majority opinion that the search of the defendant's person was improper under the record we have before us. I also write separately to make it clear that at the new trial the State is not precluded from relying on the doctrine of inevitable discovery. In so doing the State must make a record that demonstrates that the cocaine at issue would have been inevitably discovered. As the majority opinion notes,
 
 State v. Phelps
 

 156 N.C.App. 119
 
 , 128,
 
 575 S.E.2d 818
 
 , 824-25 (2003),
 
 rev'd in part for reasons stated in the dissent,
 

 358 N.C. 142
 
 ,
 
 592 S.E.2d 687
 
 (2004), seems to stand for the proposition that this doctrine cannot be relied upon without a factual record establishing its applicability, thus this court cannot make a finding of inevitable discovery without a proper record. An order of new trial does not bar either party from making a new argument or introducing evidence that it never needed to resort to, given the trial court's initial erroneous ruling.
 

 [1]
 

 Our appellate case law suggests that officers are capable of determining the source of a marijuana odor. In
 
 State v. Johnson,
 

 225 N.C.App. 440
 
 , 442,
 
 737 S.E.2d 442
 
 , 444 (2013), for example, an officer noticed a "strong odor of marijuana coming from [the] defendant's vehicle," prompting the officer to ask the defendant to sit in the patrol car while he checked the defendant's license information. In the patrol car, the officer "still smelled a strong odor of marijuana coming from [the] defendant."
 

 Id.