STATE OF NORTH CAROLINA v. MAURICE JOHNSTON, Defendant

No. COA01-1379

(Filed 3 December 2002)

## 1. Confessions and Incriminating Statements— "secure custody"—custodial interrogation—absence of Miranda warnings—harmless error

A defendant was in custody for Miranda purposes when he was ordered out of his vehicle at gunpoint, handcuffed, placed in the back of a patrol car, and questioned by detectives. Despite being told that he was in "secure custody" rather than under arrest, defendant's freedom of movement was restrained to the degree associated with a formal arrest. Therefore, the trial court erred by admitting a statement made by defendant in response to interrogation without Miranda warnings, "So what if I threw the shotgun out," but this error was harmless in light of the other overwhelming evidence of defendant's guilt.

## 2. Appeal and Error— preservation of issues—failure to object at trial

An assault defendant's contention that the trial judge abused his discretion by denying his motion to sequester witnesses was not heard on appeal where defendant did not request to be heard or object to the trial court's ruling.

Appeal by defendant from judgment entered 19 January 2001 by Judge Clifton W. Everett, Jr., in Superior Court, Pitt County. Heard in the Court of Appeals 21 August 2002.

STATE v. JOHNSTON

[154 N.C. App. 500 (2002)]

*Attorney General Roy Cooper, by Assistant Attorney General Mark J. Pletzke, for the State.*

*Angela H. Brown, for the defendant-appellant.*

WYNN, Judge.

This case presents one fundamental issue: Does handcuffing a criminal suspect in the back of a police car constitute "custody" and trigger the protections of *Miranda v. Arizona*, 384 U.S. 436 (1966)? In *State v. Buchanan*, the Supreme Court of North Carolina held that "the appropriate inquiry in determining whether a defendant is in 'custody' for purposes of *Miranda* is, based on the totality of the circumstances, whether there was a 'formal arrest or restraint on freedom of movement of the degree associated with a formal arrest.'" 353 N.C. 332, 339, 543 S.E.2d 823, 828 (2001) (citations omitted). Based on the totality of the circumstances in this case, we conclude that handcuffing defendant in the back of a police car did trigger *Miranda* protections, because it was a "restraint on freedom of movement . . . associated with a formal arrest." Nonetheless, in light of the overwhelming evidence of defendant's guilt in this case, we hold this error to be harmless. Therefore, we uphold defendant's convictions of discharging a firearm into occupied property and assault with a deadly weapon.

In the early morning of 11 April 1998, the Pitt County Sheriff's Department responded to a complaint that a male, driving a gray car, fired shots into an occupied vehicle with a sawed-off shotgun. A few hours later, at the scene of the incident, police officers observed a gray Nissan Maxima driving along the side of the road. With their guns drawn, the officers stopped the vehicle, asked defendant to step out of the vehicle, handcuffed defendant, and placed defendant in the back of a patrol car. Although defendant was handcuffed, the police officers informed defendant that he was not under arrest, but only in "secure custody" for defendant's safety and the safety of the officers.

When asked why he was at the scene, defendant told the officers that he was looking for a pocketbook. An officer advised defendant that he "knew" defendant "was actually looking for the shotgun." According to the officer, the defendant "became verbal" upon hearing this accusation and retorted: "So what if I threw the shotgun out."

Over defendant's objection, and after the trial court denied defendant's motion to suppress, this statement was admitted into evi-

dence. The trial court denied the motion to suppress the statement on the basis that defendant was not "in custody" when the statement was made, and on the basis that the statement was "voluntary" rather than the product of interrogation. On 19 January 2001, defendant was convicted of discharging a firearm into occupied property and assault with a deadly weapon.

**[1]** On appeal, defendant argues that the statement was obtained in violation of *Miranda*; the statement was incurably prejudicial; and the trial court's denial of defendant's motion to suppress was an abuse of discretion demanding a new trial.

"It is well established that the standard of review in evaluating a trial court's ruling on a motion to suppress is that the trial court's findings of fact 'are conclusive on appeal if supported by competent evidence, even if the evidence is conflicting.' " *State v. Buchanan*, 353 N.C. at 336, 543 S.E.2d at 826 (quoting *State v. Brewington*, 352 N.C. 489, 498, 532 S.E.2d 496, 501 (2000), *cert. denied*, 531 U.S. 1165 (2001)). "The determination of whether a defendant was in custody, based on those findings of fact, however, is a question of law and is fully reviewable by this Court." *State v. Briggs*, 137 N.C. App. 125, 128, 526 S.E.2d 678, 680 (2000) (citations omitted).

"*Miranda* warnings are required only when a defendant is subjected to custodial interrogation." *State v. Patterson*, 146 N.C. App. 113, 121, 552 S.E.2d 246, 253 (2001) (citations omitted). The *Miranda* Court defined "custodial interrogation" as "questioning initiated by law enforcement officers after a person has been taken into custody or deprived of his freedom of action in any significant way." *Miranda*, 384 U.S. at 444. "[T]he appropriate inquiry in determining whether a defendant is in 'custody' for purposes of *Miranda* is, based on the totality of the circumstances, whether there was a 'formal arrest or restraint on freedom of movement of the degree associated with a formal arrest.' " *Buchanan*, 353 N.C. at 339, 543 S.E.2d at 828 (citations omitted).

The United States Supreme Court has consistently held that "the initial determination of custody depends on the objective circumstances of the interrogation, not on the subjective views harbored by either the interrogating officers or the person being questioned." *Id.* at 341, 543 S.E.2d at 829 (quoting *Stansbury v. California*, 511 U.S. 318, 323 (1994)). "A policeman's unarticulated plan has no bearing on the question of whether a suspect was 'in custody' at a particular time; the only relevant inquiry is how a reasonable man in the sus-

pect's position would have understood his situation." *Buchanan*, 353 N.C. at 341-42, 543 S.E.2d at 829 (quoting *Berkemer v. McCarty*, 468 U.S. 420, 442 (1984)).

After a careful review of the record, we conclude, as a matter of law, that defendant was in "custody." The record reveals that defendant was ordered out of his vehicle at gun point, handcuffed, placed in the back of a patrol car, and questioned by detectives. Although the officers informed defendant that he was in "secure custody" rather than under arrest, we conclude that defendant's freedom of movement was restrained to the degree associated with a formal arrest. A reasonable person under these circumstances would believe that he was under arrest.

However, the record further shows that defendant's conviction was supported by overwhelming evidence, therefore the trial court's error was harmless. Evidence admitted in violation of *Miranda* is subject to harmless error analysis. *State v. Hicks*, 333 N.C. 467, 479, 428 S.E.2d 167, 174 (1993), *abrogated on other grounds by Buchanan*, 353 N.C. at 340, 543 S.E.2d at 828. However, "before a federal constitutional error can be held harmless, the court must . . . declare a belief that it was harmless beyond a reasonable doubt." *Chapman v. California*, 386 U.S. 18, 24 (1967); *see also* N.C. Gen. Stat. § 15A-1443 (2001). The burden is on the State to demonstrate that the error was harmless beyond a reasonable doubt. N.C. Gen. Stat. § 15A-1443(b) (2001).

In this case, the State presented overwhelming evidence of defendant's guilt. Defendant's car and a person matching defendant's description were described by the 911-caller; defendant and his car were found at the crime scene; and defendant and defendant's car were positively identified at trial by various witnesses. We conclude, therefore, that the erroneous admission of defendant's statement was harmless error beyond a reasonable doubt.

[2] As a second assignment of error, defendant contends that it was an abuse of discretion for the trial court to deny defendant's motion to sequester the State's witnesses. "A ruling on matters involving the sequestration of witnesses is within the sound discretion of the trial judge, and is not reviewable absent a showing of abuse of discretion." *State v. Williamson*, 122 N.C. App. 229, 233, 468 S.E.2d 840, 844 (1996) (citations omitted). "A discretionary ruling is reversible only where it is shown that it could not have been the result of a reasoned

decision." *Id.* (citations omitted). Defendant argues that the trial court should have weighed evidence or heard oral arguments before ruling on the motion. Defendant did not object to the court's ruling or request to be heard. Instead, "[d]efendant . . . stood silently by and did not object . . . . In these circumstances, defendant has waived whatever objection he may have had, and his belated complaint may not be 'heard' on appeal." *State v. Smith*, 305 N.C. 691, 699, 292 S.E.2d 264, 270 (1982). Even assuming defendant has the right to be "heard" on appeal, we find no merit to defendant's argument and overrule the assignment of error.

We have examined defendant's remaining assignments of error and find them to be without merit.

Affirmed.

Judges HUDSON and CAMPBELL concur.