IN THE MATTER OF: L.I.

No. COA09-1306

(Filed 6 July 2010)

**1. Confessions and Incriminating Statements— juvenile proceeding—Miranda warning—custodial interrogation— motion to suppress—improperly denied**

The trial court in a juvenile proceeding erred in denying the juvenile's motion to suppress a statement made to a police officer during a traffic stop. The juvenile was in custody when she made the statement, the statement was in response to the officer's interrogation, and the juvenile had not been advised of her rights under *Miranda* and N.C.G.S. § 7B-2101(a). Furthermore, the State failed to argue that the error was harmless beyond a reasonable doubt.

**IN RE L.I.**

[205 N.C. App. 155 (2010)]

**2. Search and Seizure— exclusionary rule—Miranda violation—no coercion—motion to suppress—properly denied**

The trial court in a juvenile proceeding did not err in denying the juvenile's motion to suppress contraband seized during a traffic stop. The exclusionary rule did not preclude the admission of the physical evidence obtained as a result of a *Miranda* violation where the juvenile made no argument that she was subjected to actual coercion.

Appeal by juvenile from orders entered 24 March 2009 by Judge Brian C. Wilks in Durham County District Court. Heard in the Court of Appeals 24 March 2010.

*Attorney General Roy Cooper, by Special Deputy Attorney General Mabel Y. Bullock, for the State.*

*James N. Freeman, Jr. for juvenile-appellant.*

HUNTER, Robert C., Judge.

Juvenile L.I. appeals from the trial court's orders adjudicating her delinquent and ordering a Level 2 disposition. Juvenile's main argument on appeal is that the trial court erred in denying her motion to suppress her statement to the police officer during a traffic stop as well as the contraband seized during the stop. We conclude that juvenile's statement was obtained in violation of her constitutional and statutory rights, and thus the trial court should have suppressed the statement. With respect to the contraband, however, juvenile has made no argument that she was subjected to actual coercion and thus the trial court properly admitted this evidence. Accordingly, we reverse and remand the matter for a new adjudication hearing.

Facts

The State's evidence tended to show the following facts: On 19 December 2008, Corporal Raheem Abdul Aleem, with the Durham County's Sheriff's Department, was patrolling the area of a recent robbery when he saw a Toyota 4Runner drive by and the male driver was not wearing his seatbelt. Corporal Aleem activated his blue lights and pursued the vehicle. Corporal Aleem stopped the car, exited his patrol car, and approached the driver's side window. For safety purposes, Corporal Aleem asked the driver to exit the vehicle and walk back toward his patrol car. Corporal Aleem then frisked the driver for weapons and placed him in "investigative detention" while he contin-

**IN RE L.I.**

[205 N.C. App. 155 (2010)]

ued his investigation. Corporal Aleem next asked the front passenger to get out of the 4Runner and frisked him as well.

Juvenile, one of four other passengers in the backseat of the 4Runner, was then asked to get out of the car. Based on his conversation with the front passenger, as juvenile was getting out of the vehicle, Corporal Aleem asked juvenile for the marijuana that he "knew she had." When juvenile responded, "what · marijuana?," Corporal Aleem stated: "the marijuana I know you have." Juvenile then turned away and appeared to reach in her pants. When Corporal Aleem tried to see what juvenile was "reaching for," she responded: "[Y]o, you can't look in my pants." At this point, Corporal Aleem placed juvenile in investigative detention, handcuffed her, and placed her in the backseat of the patrol car.

While waiting for a female officer to arrive to search juvenile, Corporal Aleem told juvenile that "if you take drugs into the jail[,] it's an additional charge." Corporal Aleem then called juvenile's school to verify her age. After calling the school, Corporal Aleem "went over to her window" because "she wanted to tell [him] something[.]" Juvenile then told him that the drugs were not in her pants but were in her right coat pocket. Juvenile leaned out of the patrol car, showing Corporal Aleem where the drugs were located. Corporal Aleem got juvenile out of the patrol car, reached inside her pocket, and pulled out a plastic bag containing nine individual bags of "green leafed material and two plastic bags of a powdered substance." Juvenile's mother arrived at the scene and Corporal Aleem explained to her that he was going to "do[] a petition on [juvenile]" and left juvenile in her mother's custody.

A juvenile petition was filed alleging that juvenile was delinquent for possessing marijuana with the intent to sell or deliver. Prior to the adjudication and disposition hearing, juvenile filed a motion to suppress her statements as well as the contraband. During the adjudication phase of the proceedings, defense counsel requested a *voir dire* to determine the admissibility of the statements and contraband. At the conclusion of the *voir dire*, the trial court entered an order from the bench denying juvenile's motion to suppress. The trial court subsequently adjudicated juvenile a delinquent juvenile and ordered a Level 2 disposition. Juvenile timely appealed to this Court.

I

[1] Juvenile first contends that the trial court erred in denying her motion to suppress her statement that she had marijuana in her coat

pocket. She contends that the statement was obtained as a result of a custodial interrogation conducted in violation of N.C. Gen. Stat. § 7B-2101 (2009) and without her having been advised of her rights under *Miranda v. Arizona*, 384 U.S. 436, 16 L. Ed. 2d 694 (1966).

"A trial court's findings of fact following a hearing on the admissibility of a [juvenile]'s statements are conclusive on appeal if supported by competent evidence, even if the evidence is conflicting." *State v. Eason*, 336 N.C. 730, 745, 445 S.E.2d 917, 926 (1994), *cert. denied*, 513 U.S. 1096, 130 L. Ed. 2d 661 (1995). The trial court's conclusions of law must be supported by its findings and legally correct, "reflecting a correct application of applicable legal principles to the facts found." *State v. Fernandez*, 346 N.C. 1, 11, 484 S.E.2d 350, 357 (1997).

At a suppression hearing, "conflicts in the evidence are to be resolved by the trial court" and the court "must make findings of fact resolving any material conflict in the evidence." *State v. McArn*, 159 N.C. App. 209, 212, 582 S.E.2d 371, 374 (2003). Where, however, there is no material conflict in the evidence presented at the suppression hearing, specific findings of fact are not required. *State v. Parks*, 77 N.C. App. 778, 781, 336 S.E.2d 424, 426 (1985), *appeal dismissed and disc. review denied*, 316 N.C. 384, 342 S.E.2d 904-05 (1986). "In that event, the necessary findings are implied from the admission of the challenged evidence." *State v. Phillips*, 300 N.C. 678, 685, 268 S.E.2d 452, 457 (1980).

The Fifth Amendment of the United States Constitution guarantees that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. In *Miranda*, the United States Supreme Court held that the Fifth Amendment requires that, prior to custodial interrogation, a person must be advised

> that he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires.

384 U.S. at 479, 16 L. Ed. 2d at 726.

In addition to the warnings mandated by *Miranda*, the General Assembly has established statutory protections for juveniles. *See* N.C. Gen. Stat. § 7B-2101. Prior to questioning a juvenile in custody, the juvenile must be advised that: (1) "the juvenile has a right to re-

**IN RE L.I.**

[205 N.C. App. 155 (2010)]

main silent"; (2) "any statement the juvenile does make can be and may be used against the juvenile"; (3) "the juvenile has a right to have a parent, guardian, or custodian present during questioning"; and (4) "the juvenile has a right to consult with an attorney and that one will be appointed for the juvenile if the juvenile is not represented and wants representation." N.C. Gen. Stat. § 7B-2101(a)(1)-(4). However, "*Miranda* warnings and the protections of N.C.G.S. § 7B-2101 apply only to custodial interrogations." *In re W.R.*, 363 N.C. 244, 247, 675 S.E.2d 342, 344 (2009).

On appeal, both juvenile and the State predominately focus their arguments on whether juvenile was in custody when she made her statement to Corporal Aleem that the drugs were in her coat pocket. The record indicates, however, that the State, in arguing for the admission of juvenile's statement at the conclusion of the *voir dire*, did not contend that juvenile was not in custody at the time of her statement or that its evidence was sufficient to support a finding to that effect. Instead, the State argued that Corporal Aleem's "testimony shows that [juvenile] made statements to the officer at this point voluntarily. She decided that she did not want to be charged with taking drugs in a detention facility." Similarly, the trial court determined that, irrespective of whether juvenile was in custody at the time she made the statement, she made the statement voluntarily:

> THE COURT: As far as—as it concerns the statement, the court will find that the juvenile initiated contact with the officer by asking him to come back over that the juvenile wanted to talk to him and therefore was not custodial interrogation, but rather a voluntary statement given by the juvenile at that time.

Although the trial court did not make a finding regarding whether juvenile was in custody at the time of her statement, our Supreme Court has held that "[t]he absence of such a finding . . . does not prevent [an appellate court] from examining the record and determining whether [the] defendant was in custody." *State v. Torres*, 330 N.C. 517, 525, 412 S.E.2d 20, 24 (1992); *accord State v. Hall*, 131 N.C. App. 427, 431, 508 S.E.2d 8, 12 (1998) (reviewing whether defendant was in custody for *Miranda* purposes despite absence of finding on issue), *aff'd per curiam*, 350 N.C. 303, 513 S.E.2d 561 (1999).

In determining whether a person is in custody for purposes of *Miranda* and N.C. Gen. Stat. § 7B-2101, the "ultimate inquiry" is whether, based on the totality of the circumstances, there was a formal arrest or restraint on freedom of movement of the degree associ-

ated with a formal arrest. *State v. Buchanan*, 353 N.C. 332, 338, 543 S.E.2d 823, 827 (2001); *W.R.*, 363 N.C. at 248, 675 S.E.2d at 344. This "ultimate inquiry" is "an objective test, based upon a reasonable person standard, and is 'to be applied on a case-by-case basis considering all the facts and circumstances.' " *Hall*, 131 N.C. App. at 432, 508 S.E.2d at 12 (quoting *State v. Medlin*, 333 N.C. 280, 291, 426 S.E.2d 402, 407 (1993)).

Corporal Aleem's uncontradicted testimony indicates that, at the time of juvenile's statements, he had "placed her in investigative detention," had handcuffed her, and had placed her in the backseat of his patrol car. Considering the totality of the circumstances, juvenile was in custody at the time of her statement. *See State v. Johnston*, 154 N.C. App. 500, 503, 572 S.E.2d 438, 441 (2002) (concluding defendant was in custody where defendant was ordered out of vehicle, handcuffed, placed in backseat of patrol car, and told that he was in "secure custody"), *appeal dismissed*, 356 N.C. 687, 578 S.E.2d 320 (2003).

With respect to whether juvenile's statement was the product of custodial interrogation, the trial court determined that it was a "voluntary," spontaneous statement, unsolicited by Corporal Aleem. The "determination of whether an interrogation is conducted while a person is in custody" is a question of law, "fully reviewable on appeal." *Buchanan*, 353 N.C. at 336, 543 S.E.2d at 826.

Under *Miranda*, "interrogation" includes both "express questioning" by police and its "functional equivalent"—"any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Rhode Island v. Innis*, 446 U.S. 291, 301, 64 L. Ed. 2d 297, 308 (1980). However, "because 'the police surely cannot be held accountable for the unforeseeable results of their words or actions, the definition of interrogation can extend only to words or actions on the part of police officers that they *should have known* were reasonably likely to elicit an incriminating response.' " *State v. Golphin*, 352 N.C. 364, 406, 533 S.E.2d 168, 199 (2000) (quoting *Innis*, 446 U.S. at 301-02, 64 L. Ed. 2d at 308), *cert. denied*, 532 U.S. 931, 149 L. Ed. 2d 305 (2001). Relevant factors for determining whether police "should have known" that their conduct was likely to elicit an incriminating response include: "(1) 'the intent of the police'; (2) whether the 'practice is designed to elicit an incriminating response from the accused';

**IN RE L.I.**

[205 N.C. App. 155 (2010)]

and (3) '[a]ny knowledge the police may have had concerning the unusual susceptibility of a defendant to a particular form of persuasion . . . .' " *State v. Fisher*, 158 N.C. App. 133, 142-43, 580 S.E.2d 405, 413 (2003) (quoting *Innis*, 446 U.S. at 302 nn. 7-8, 64 L. Ed. 2d at 308 nn. 7-8), *aff'd per curiam*, 358 N.C. 215, 593 S.E.2d 583-84 (2004).

On appeal, juvenile contends that Officer Aleem's statements to her, while she was alone and handcuffed in the backseat of the patrol car, that he was "taking her downtown" and that it was an "additional charge" to take drugs into a detention facility "were clearly made to 'elicit an incriminating response' from the juvenile." We agree.

In *State v. Phelps*, 156 N.C. App. 119, 121, 575 S.E.2d 818, 820 (2003), *rev'd per curiam for reasons stated in the dissent*, 358 N.C. 142, 592 S.E.2d 687-88 (2004),[1] the police officer explained to the defendant, while transporting him to jail and without providing any *Miranda* warnings, that "he needed to let me know right now before we went past the jail doors if he had any kind of illegal substances or weapons on him, that it was an automatic felony no matter what it was, so he better let me know right now." The defendant told the police officer that he had crack cocaine in his coat pocket and the officer retrieved the drugs. *Id.* On appeal from the denial of his motion to suppress the cocaine, the defendant argued, as juvenile contends here, that "his statement regarding the location of the crack cocaine was inadmissible because he was not read his *Miranda* warnings prior to the statement being made and the statement was obtained during custodial interrogation." *Id.* at 122, 575 S.E.2d at 821. In holding that the trial court should have granted the defendant's motion to suppress, this Court explained:

[The officer] knew or should have known that his statement was reasonably likely to evoke an incriminating response. [The officer]'s objective purpose was to obtain defendant's admission or denial of the possession of contraband. Therefore, we conclude the trial court erred in admitting defendant's incriminating

---

1. Although Judge R.C. Hunter concurred that a *Miranda* violation occurred in *Phelps*, he dissented on the grounds that the majority was incorrect in concluding that the trial court's erroneous admission of the defendant's incriminating statement was harmless beyond a reasonable doubt and that the evidence was also admissible under the inevitable discovery doctrine. *Phelps*, 156 N.C. App. at 127-28, 575 S.E.2d at 823-25 (Hunter, R.C., J., dissenting). On review, the Supreme Court reversed per curiam the majority's decision "[f]or the reasons stated in the dissenting opinion[.]" *Phelps*, 358 N.C. at 142, 592 S.E.2d at 687-88. *Phelps* is thus controlling with respect to the holdings reached by the entire panel as well as those conclusions in Judge Hunter's dissent.

statement because the officer failed to advise defendant of his *Miranda* warnings prior to the custodial interrogation.

*Id.* at 123, 575 S.E.2d at 821.

This case is factually indistinguishable from *Phelps*. When Corporal Aleem first ordered juvenile to get out of the SUV, he asked her directly: "[Where is] the marijuana I know you have[?]" After handcuffing and placing juvenile in the back of the patrol car, Corporal Aleem told her that he was going to "take her downtown" and that "if [she] t[ook] drugs into the jail it[] [would be] an additional charge." In "response" to Corporal Aleem's statements, juvenile told him that she had marijuana and that it was in her coat pocket.

Based on *Phelps*, we conclude that Corporal Aleem "knew or should have known that his statement was reasonably likely to evoke an incriminating response." *Id.* Corporal Aleem's testimony indicates that it was his "objective purpose" to obtain juvenile's admission that she possessed the marijuana that Corporal Aleem "knew she had." *Id.* The trial court, therefore, erred in denying juvenile's motion to suppress her statement made during a custodial interrogation without being advised of her rights under *Miranda* and N.C. Gen. Stat. § 7B-2101(a).

Although we conclude that the trial court erred in denying juvenile's motion to suppress her statement, "not all errors involving incriminating statements obtained in violation of *Miranda* require new trials." *State v. Washington*, 102 N.C. App. 535, 540, 402 S.E.2d 851, 854 (Greene, J., dissenting), *rev'd per curiam for reasons stated in the dissent*, 330 N.C. 188, 410 S.E.2d 55 (1991). Pursuant to N.C. Gen. Stat. § 15A-1443(b) (2009), "[a] violation of the defendant's rights under the Constitution of the United States is prejudicial unless the appellate court finds that it was harmless beyond a reasonable doubt." Under N.C. Gen. Stat. § 15A-1443(b), the State bears the burden of demonstrating that the error was harmless beyond a reasonable doubt. *State v. Turner*, 330 N.C. 249, 266, 410 S.E.2d 847, 857 (1991). Here, however, the State fails to make any argument on appeal that the erroneous admission of juvenile's statement was harmless beyond a reasonable doubt. Consequently, the State has failed to meet its burden of proof under N.C. Gen. Stat. § 15A-1443(b). *See State v. Pinchback*, 140 N.C. App. 512, 520-21, 521 n.4, 537 S.E.2d 222, 227, 227 n.4 (2000) (holding that State did not meet its burden of demonstrating that constitutional violation was harmless beyond a reasonable doubt where State did not address issue in its brief).

**IN RE L.I.**

[205 N.C. App. 155 (2010)]

## II

**[2]** Juvenile also contends that "[t]he contraband was discovered as a direct result of the illegal and unconstitutional interrogation." Thus, juvenile argues, the marijuana "was 'fruit of the poisonous tree,' " and should have been suppressed along with her statement. We note that, in violation of Rule 28(b)(6) of the Rules of Appellate Procedure, juvenile does not cite any authority in support of this contention.

We nonetheless conclude that the trial court did not err in admitting the evidence of the marijuana. With respect to *Miranda* violations, our Supreme Court has held, based on *Michigan v. Tucker*, 417 U.S. 433, 41 L. Ed. 2d 182 (1974), and *Oregon v. Elstad*, 470 U.S. 298, 84 L. Ed. 2d 222 (1985), that although a "statement which is obtained by the violation of the *Miranda* rule must be excluded," evidence "obtained as a result of the violation does not have to be excluded." *State v. May*, 334 N.C. 609, 612, 434 S.E.2d 180, 182 (1993), *cert. denied*, 510 U.S. 1198, 127 L. Ed. 2d 661 (1994). The exclusionary rule does not preclude the admission of physical evidence obtained as a result of a *Miranda* violation where "the record shows there was no actual coercion but only a violation of the *Miranda* warning requirement . . . ." *Id.*; *accord State v. Hardy*, 339 N.C. 207, 224, 451 S.E.2d 600, 610 (1994) ("Physical evidence obtained as a result of a failure to give required Miranda warnings . . . need not be excluded."); *State v. Harris*, 157 N.C. App. 647, 653, 580 S.E.2d 63, 67 (2003) ("[P]hysical evidence obtained in violation of *Miranda* is admissible unless obtained as a result of actual coercion.").

Although the trial court did not address actual coercion in its order, an appellate court "make[s] an independent determination of the ultimate issue of voluntariness based upon [its] examination and consideration of the entire record on appeal." *State v. Davis*, 305 N.C. 400, 419-20, 290 S.E.2d 574, 586 (1982); *accord State v. White*, 291 N.C. 118, 122, 229 S.E.2d 152, 155 (1976) (explaining that determination of whether statement is coerced must be based on "consideration of the entire record"). In determining whether a statement is voluntary, an appellate court "reviews the totality of the surrounding circumstances in which the statement was made." *State v. Brewington*, 352 N.C. 489, 499, 532 S.E.2d 496, 502 (2000), *cert. denied*, 531 U.S. 1165, 148 L. Ed. 2d 992 (2001). "A statement is involuntary or coerced if it is the result of government tactics so oppressive that the will of the interrogated party 'has been overborne and his capacity for self-determination critically impaired . . . .' " *Phelps,*

IN RE L.I.

[205 N.C. App. 155 (2010)]

156 N.C. App. at 125, 575 S.E.2d at 823 (quoting *Schneckloth v. Bustamonte*, 412 U.S. 218, 225, 36 L. Ed. 2d 854, 862 (1973)); *accord Elstad*, 470 U.S. at 309, 84 L. Ed. 2d at 232 (equating "actual coercion" with "circumstances calculated to undermine the suspect's ability to exercise his free will"). Our Supreme Court has set out several factors to be considered in assessing whether a statement is coerced:

> whether defendant was in custody, whether he was deceived, whether his Miranda rights were honored, whether he was held incommunicado, the length of the interrogation, whether there were physical threats or shows of violence, whether promises were made to obtain the confession, the familiarity of the declarant with the criminal justice system, and the mental condition of the declarant.

*Hardy*, 339 N.C. at 222, 451 S.E.2d at 608. "The presence or absence of any one of these factors is not determinative." *State v. Kemmerlin*, 356 N.C. 446, 458, 573 S.E.2d 870, 881 (2002).

Here, "the record shows," *May*, 334 N.C. at 612, 434 S.E.2d at 182, that juvenile was not subjected to actual coercion. While we have concluded that juvenile was in custody at the time of her statement and that her *Miranda* rights were violated, there is no evidence suggesting that juvenile was deceived, that she was held incommunicado, that she was threatened or intimidated, that she was promised anything, or that she was interrogated for an unreasonable period of time. Nor is there any evidence that juvenile was under the influence of drugs or alcohol or that her mental condition was such that she was vulnerable to manipulation. *See State v. Nguyen*, 178 N.C. App. 447, 453, 632 S.E.2d 197, 202 (finding no coercion where "[n]o evidence appear[ed] in the record that tends to show that defendant was deceived; that defendant was held incommunicado; that defendant was interrogated for an unreasonable length of time; or that any promises, physical threats, or shows of violence were made"), *appeal dismissed and disc. review denied*, 360 N.C. 653, 637 S.E.2d 189 (2006), *cert. denied*, 549 U.S. 1291, 167 L. Ed. 2d 339 (2007); *State v. Campbell*, 133 N.C. App. 531, 538, 515 S.E.2d 732, 737 (concluding confession was voluntary where defendant was not deceived, held incommunicado, or threatened, and "[t]here was no indication that defendant was under the influence of impairing substances or that his mental capacity was debilitated"), *disc. review denied*, 351 N.C. 111, 540 S.E.2d 370 (1999). Considering the totality of the circumstances, we conclude that juvenile's statement is not the product of actual

coercion and that the trial court properly admitted the evidence of the marijuana.[2]

In sum, we conclude that the trial court erred in denying juvenile's motion to suppress her statement. As for the contraband, we hold that the trial court properly admitted the evidence. Accordingly, we reverse the trial court's order denying juvenile's motion to suppress with respect to her statement, vacate the trial court's order adjudicating juvenile delinquent, and remand the case for further proceedings consistent with this opinion. Due to our disposition on appeal, we do not address juvenile's other arguments.

Reversed and remanded.

Judge CALABRIA concurs.

Judge HUNTER, Robert N., Jr. concurs in result only.

---

2. Juvenile makes no argument that N.C. Gen. Stat. § 7B-2101 requires the exclusion of the evidence as a consequence of Corporal Aleem's failure to advise her of her statutory rights as a juvenile. We, therefore, do not address the issue.